## PHILLIPS *v.* CITY OF MOBILE.

### ERROR TO THE SUPREME COURT OF THE STATE OF ALABAMA.

No. 113. Argued January 17, 1908.—Decided February 24, 1908.

An ordinance imposing a license on persons selling beer by the barrel is an exercise of the police power of the State, and as such is authorized by the Wilson Act, 26 Stat. 313, notwithstanding such liquors were introduced into the State in original packages.

The police power of the State is very extensive and is frequently exercised where it also results in, raising revenue, and in this case an ordinance imposing a license tax on a class of dealers in intoxicating liquor was held to be a police regulation notwithstanding it also produced a revenue.

Where a license tax on dealers in a particular article is exacted without reference as to whether the article was manufactured within or without the State, the ordinance imposing it creates no discrimination against manufacturers outside of the State within the meaning of the equal protection clause of the Fourteenth Amendment.

146 Alabama, 158, affirmed.

THE plaintiff in error herein seeks to reverse a judgment of the Supreme Court of Alabama which reversed a judgment in his favor given by the City Court of Mobile.

The action was brought in the City Court by the city of Mobile, by a written complaint, wherein the city sought to recover from the plaintiff in error (defendant in that court) the sum of fifteen dollars, the amount of the fine imposed upon him by the recorder for the violation of what is termed the license ordinance of the city, approved March 14, 1904, by failing to obtain and pay for a license under the twenty-eighth subdivision of the second section of that ordinance, relating to the selling of beer in that city. The defendant filed a plea, setting up what he alleged was a defense.

Upon the trial in the City Court the parties agreed upon a statement of facts.

From such statement it appears that the city council, as authorized by the state legislature, had, prior to the complaint in question, adopted an ordinance, section one of which imposed a license tax for the fiscal year beginning March 15, 1904, "on each person, firm, corporation or association doing business or trading or carrying on any business, trade, or profession, by agent or otherwise, within the limits of the city of Mobile, . . . and such licenses are hereby fixed for such business, trade or profession . . . as follows."

Subsection 28 of § 2 fixes the amount, upon the payment of which the license may be granted in such a case as this, as follows:

"28. *Breweries,* each person, firm, corporation, dealer, brewer, brewery, agent or handler for a brewery, selling beer by the barrel, half barrel or quarter barrel, this clause is not to include license for wholesale or retail vinous or spirituous liquors, $200.00."

The statement of facts as agreed upon then continues as follows:

"That the defendant herein is an individual who resides in Mobile, Alabama, and that he is engaged in the business of being a retail beer dealer, for which, under the exhibit hereto, he has paid the amount of his license, as required by said ordinance for and during the fiscal year, beginning March 15, 1904, and ending March 14, 1905; and that said payment having been made, a license therefor was duly issued by the proper authorities of the city of Mobile, authorizing the defendant to carry on the business of retail beer dealer during said time; that the defendant, in addition to his other liquor business, carried on under the authority of said paid license under said ordinance, has likewise but at the same place and with the same employés before the institution of this prosecution in the Recorder's Court, and since March 15, 1904, been engaged in the business of buying and selling beer in kegs, but only

under the following circumstances: .That the defendant would, by letter or telegram sent from Mobile, Alabama, order from a brewery or breweries owned and conducted by residents and citizens of States other than Alabama, certain quantities of lager beer, which, pursuant to said orders, would be shipped by continuous interstate transportation by said non-residents to the defendant at Mobile, Alabama, in kegs, which kegs were, without other packing, loaded into railroad freight box cars and transported by the railroad companies from said breweries in other States to the defendant at Mobile, Alabama. The said purchases by the defendant were outright, and that the defendant by and through said purchases became the owner of said lager beer, to do with as he pleased; that he paid for it usually after its arrival, but never until a bill of lading for each such shipment so paid for, had been received by the defendant at Mobile; that the packages in which said beer came were invariably kegs of the ordinary, usual and customary commercial sizes, in which the same is packed for sale and shipment, and that in such usual commercial original packages the same was taken from the car upon arrival at Mobile and stored in the storehouse or warehouse of the defendant in the city of Mobile until sold by the defendant; that the defendant made sales of said kegs in quantities of one or more to his various customers in and about the city of Mobile and the vicinity thereof, and that such sales were made in contemplation by defendant of deliveries by the defendant in said kegs as original packages, and that the deliveries were thereafter made by delivery wagons owned and operated by the defendant in the city of Mobile to such customers in such original packages. That from the time of the packing and shipment of said beer at the breweries in other States than Alabama until after sale and delivery thereof by the defendant to his various customers in the city of Mobile and the vicinity thereof, none of said kegs as original packages ever became broken or open, but the deliveries by the defendant to his respective customers of said beer was always in the same, original, usual, commercial pack-

ages in which the same was packed and shipped from the breweries in said foreign States. That each and all of the kegs herein mentioned contained more than one quart of beer. That this mode of business has been conducted by the defendant since March 15, 1904, and still continues, and that, except as is herein above stipulated, the defendant, neither as a brewery, person, firm, corporation, dealer, brewer, brewery agent or handler has ever sold beer by the barrel, half barrel or quarter barrel in the city of Mobile, Alabama, since March 15, 1904. That nearly fifty per cent of all the offenses against the ordinances of the city of Mobile ordained to secure peace and order is brought about by the use of intoxicating liquors. Neither the license sued for nor the fine assessed by the recorder has been paid."

The case was submitted to the jury upon this agreed statement.

The plaintiff, the city of Mobile, asked the court to charge the jury that if they believed the evidence they must find for the plaintiff. The defendant also asked the court to charge the jury if they believe the evidence in this case they ought to find for the defendant.

The court charged the jury in accordance with the request of the defendant, and a verdict was thereupon rendered in his favor.

On appeal from the judgment to the Supreme Court it was reversed, the court holding that the trial court should have refused the request of the defendant, and directed the jury to find a verdict for the plaintiff. The case was therefore remanded with such directions.

*Mr. Richard William Stoutz,* with whom *Mr. Walter A. White* was on the brief, for plaintiff in error in this case and in No. 112 argued simultaneously herewith: [1]

The business of buying and selling original packages of goods, traded in as commerce between the States, is not taxable by

---

[1] *Richard* v. *City of Mobile, post,* p. 480.

the States. *Lyng* v. *Michigan*, 135 U. S. 166; *Leisy* v. *Hardin*, 135 U. S. 100; *Austin* v. *Tennessee*, 179 U. S. 363, 364; *N. & W. R. R.* v. *Sims*, 191 U. S. 449, 450.

. Beer in kegs is in the original packages. *Keith* v. *State*, 91 Alabama, 2; *Lyng* v. *Michigan*, 135 U. S. 166; *Leisy* v. *Hardin*, 135 U. S. 100; *Austin* v. *Tennessee*, 179 U. S. 351; *Brown* v. *Maryland*, 12 Wheat. 419; *Commonwealth* v. *Schollenberger*, 171 U. S. 1.

. Even if the occupation tax is directed against individuals within the taxing State, who are themselves the owners of the goods, as original interstate importers, so long as the goods remain in the original packages the business of selling them cannot be taxed before they are sold.

The right to order beer from breweries in other States and bring it here in kegs, constituted importing the same, and gave the interstate importers a right to sell the beer in the original package, free of any state or municipal taxation on such business not exacted under the police power, and that, until said sale had taken place after importation and was an accomplished fact, the keg or kegs of beer forming the subject matter of the sale, did not become mingled with a mass of property in the State so that the business of selling same could be taxable therein. *Keith* v. *State*, 91 Alabama, 6.

If the property was sold in the original package it did not become mingled with the property in the State until after the sale, and it makes no difference to whom the sale might be made, whether to wholesaler, jobber, retailer or consumer. The test is original package, and that only. See *Schollenberger* v. *Pennsylvania*, 121 U. S. 22, in which the sale of a ten pound package of oleomargarine in the original tub was protected by the original package doctrine, even though the sale was by the importer to the consumer.

The purpose of the Wilson Act was simply to give to the State police power, and that alone, over liquors which come under the head of interstate commerce. 3 Fed. Stat. Ann. 854; *Reyman B. Co.* v. *Brister*, 179 U. S. 455; *In re Rahrer*,

140 U. S. 545; *Vance* v. *Vandercook,* 170 U. S. 438; *Pabst B. Co.* v. *Terre Haute,* 98 Fed. Rep. 330; *State* v. *Bengsh,* 170 Missouri, 81; *S. C.,* 70 S. W. Rep. 710, 720; *F. Miller B. Co.* v. *Stevens,* 102 Iowa, 60; *S. C.,* 71 N. W. Rep. 186; *Stevens* v. *State,* 61 Ohio St. 597; *S. C.,* 56 N. E. Rep. 178; *Tinker* v. *State,* 90 Alabama, 640.

But the act gives no right to levy a tax on the business of dealing in such liquors while the same retains its interstate import character, purely for purposes of revenue or taxation. The police power cannot be put forward as an excuse for oppressive and unjust legislation, not under the police power. *Austin* v. *Tennessee,* 179 U. S. 349, citing *Holden* v. *Hardy,* 169 U. S. 366, 392; *Pabst Brewing Co.* v. *Terre Haute,* 98 Fed. Rep. 330.

The ordinance of the city of Mobile of which the above-quoted provisions are a part, is purely a revenue ordinance and is not a police ordinance in any respect. *Stratford* v. *Montgomery,* 110 Alabama, 626; *Leloup* v. *Mobile,* 76 Alabama, 401, 403, reversed by *S. C.,* 127 U. S. 644; *Pabst Brewing Co.* v. *Terre Haute,* 98 Fed. Rep. 334; *Brennan* v. *Titusville,* 153 U. S. 289, 301, 302; *Swords* v. *Daigle,* 32 So. Rep. 94 (La.). The cases of *Kehrer* v. *Stewart,* 197 U. S. 60, and *American Steel Wire Co.* v. *Speed,* 192 U. S. 500, discussed and distinguished.

*Mr. Burwell Boykin Boone* for defendant in error in this case and in No. 112:

The license complained of makes no distinction between residents and non-residents, nor does it discriminate between breweries in the State of Alabama and breweries in other States. The business conducted by plaintiff in error within the city of Mobile was domestic business, which was not protected, from the imposition of a license, by the commerce clause of the Federal Constitution. *Kehrer* v. *Stewart,* 197 U. S. 60; *American Steel & Wire Co.* v. *Speed,* 192 U. S. 519.

The facts in this case bring it clearly within the provisions of the Wilson Act, the purpose of which is to give to the States

full authority, for the purpose of prohibition as well as regulation and restriction, with reference to the sale of intoxicating liquors in original packages when so introduced into one State from other States. *Pabst Brewing Co.* v. *Crenshaw*, 198 U. S. 30; *Delamater* v. *South Dakota*, 205 U. S. 98.

MR. JUSTICE PECKHAM, after making the foregoing statement, delivered the opinion of the court.

The plaintiff in error asserts that a license tax, such as is provided in this ordinance, is a tax upon the seller of the goods under the license, and therefore a tax upon the goods themselves (*Kehrer* v. *Stewart*, 197 U. S. 60), and as they were brought into the State from another State they cannot be taxed in their original packages, even under the Wilson Act, August 8, 1890, c. 728, 26 Stat. 313. The ordinance, it is said, is in the nature of a revenue act, and was not enacted in the exercise of the police powers of the State through the city. The Wilson Act provides that the liquors, upon arrival in a State or Territory to which the liquor may be sent, shall be subject to the operation and effect of the laws of the State or Territory, enacted in the exercise of its police powers, to the same extent and in the same manner as though such liquids or liquors had been produced in such State or Territory, and shall not be exempt therefrom by reason of being introduced therein in original packages or otherwise.

It is insisted that Congress, by the passage of the Wilson Act, merely removed the impediment to the States reaching the interstate liquor through the police power, and that it intended to, and did, keep in existence any other impediment to state interference with interstate commerce in original packages.

But we are of opinion that this section of the ordinance was clearly an exercise of the police power of the State, and as such authorized by the act of Congress. The fact that the city derives more or less revenue from the ordinance in question does not tend to prove that this section was not adopted in

the exercise of the police power, even though it might also be an exercise of the power to tax. The police power is a very extensive one, and is frequently exercised where it also results in raising a revenue. The police powers of a State form a portion of that immense mass of legislation which embraces everything within the territory of a State not surrendered to the General Government; all which may be most advantageously exercised by the States themselves. Inspection laws, quarantine laws, health laws of every description, as well as laws for regulating the internal commerce of a State, and those which respect turnpike roads, ferries, etc., are component parts of this mass. *Gibbons* v. *Ogden*, 9 Wheat. 1–203; *City of New York* v. *Miln*, 11 Pet. 102, 139, 141; *Barbier* v. *Connolly*, 113 U. S. 27, 31.

The sale of liquors is confessedly a subject of police regulation. Such sale may be absolutely prohibited, or the business may be controlled and regulated by the imposition of license taxes, by which those only who obtain licenses are permitted to engage in it. Taxation is frequently the very best and most practical means of regulating this kind of business. The higher the license, it is sometimes said, the better the regulation, as the effect of a high license is to keep out from the business those who are undesirable and to keep within reasonable limits the number of those who may engage in it. We regard the question in this case as covered in substance by prior decisions of this court. See *Vance* v. *Vandercook Company* (No. 1), 170 U. S. 438, 446; *Reymann Brewing Company* v. *Brister*, 179 U. S. 445; *Pabst Brewing Co.* v. *Crenshaw*, 198 U. S. 17, 25; *Delamater* v. *South Dakota*, 205 U. S. 93. Even where the subject of transportation is not intoxicating liquor this court has held that goods brought in the original packages from another State, having arrived at their destination and being at rest there, may be taxed, without discrimination, like other property within the State, even while in the original packages in which they were brought from another State. *American Steel & Wire Co.* v. *Speed*, 192 U. S. 500,

This license tax is exacted without reference to the question as to where the beer was manufactured, whether within or without the State, and hence there is no discrimination in the case.

It is unnecessary to continue the discussion. As we have said, the cases above cited are conclusive in favor of the correctness of the judgment of the Supreme Court of Alabama.

*Judgment affirmed.*