[No. 2051.   Oct. 23, 1917.]

STALICK et al. v. TOWN OF GALLUP et al.

### SYLLABUS OF THE COURT.

The ordinary useful occupations may be taxed, but the tax must be so laid as not to be prohibitive of the business. This doctrine has no application to such occupations as are detrimental to the public welfare, but are nevertheless tolerated. The business of the wholesale liquor dealer, under the power conferred by chapter 28, Laws of 1915, upon municipalities to "license, regulate, or prohibit" the sale of liquors, may be taxed in any sum within the discretion of the municipality, and the fact that the charge laid is prohibitive of the business is immaterial.

Appeal from District Court, McKinley County; Raynolds, Judge.

Action for injunction by John Stalick and the Gallup Cold Storage Company against the Town of Gallup and others. Judgment for plaintiffs, and defendants

appeal. Reversed, and cause remanded, with directions to dismiss the bill of complaint.

O. E. Overson and A. T. Hanett, both of Gallup for appellants.

Under Sec. 3564, sub. div. 18, Code 1915, the power of municipalities to license, regulate or prohibit the sale of intoxicating liquor is unlimited.

23 Cyc. 149; Denehy v. Chicago, 120 Ill: 627; Cooley Const. Lim. 201; McQuillin on Mun. Corps. Sec. 724; Gunnarssohn v. Sterling, 92 Ill. 569.

The power of the legislature to deal with the liquor business is unlimited.

Gray on Limitations of Taxing Power, Sec. 1452.

Tiedeman on Limitations of Police Power, pp. 273-277-278.

Cooley on Taxation (3d ed.) pp. 1142, 1143.

Bartemeyer v. Iowa, 18 Wall (U. S.) 133.

Beer Company v. Massachusetts, 97 U. S. 33.

Duluth Brewing Co. v. City of Superior, 123 Fed. 356.

Meyer, Josen & Co. v. City of Mobile, 147 Fed. 843.

Schmidt v. Indianapolis, 168 Ind. 631; 80 N. E. 632.

State ex rel v. Hudson, 78 Mo. 302.

Sec. 276, Thornton & Woolen on Intoxicating Liquors.

Keokuk v Dressell, 47 Ia. 595.

Mt. Carmel v. Wabash Co. 50 Ill. 69.

E. W. Dobson of Albuquerque, and E. A. Martin, of Gallup, for appellees.

The municipality must either license or prohibit altogether. If municipality fixes license so high that profit could not be made then it attempts to do indirectly what it cannot do directly. Having elected to license, rather tha prohibit, regulations therefore must be reasonable.

Smith Paul v. City of Wash. 65 L. R. A. 602;

Ex parte Sikes, 24 L. R. A. 774;

Tiedeman on Police Powers, Sec. 1002;

Joyce on Int. Liq. Sec. 216; Mercy Co. v. Fleming, 43 Pac. 392;

State v. Taft, 118 N. C. 1190; 32 L. R. A. 122,54 Am. St. Rep. 767, 23 S. E. 970.

State v. Yopp, 97 N. C. 477, 2 Am. St. Rep. 305, 2 S. E. 458.

Sweet v. Wabash, 41 Ind. 7.

Ex-parte Hinkle, 78 S. W. 317.

. Portland v. Schmidt, 6 Pac. 221.

Ex-parte Sikes, 24 L. R. A. 774.

Black ·on Intoxicating Liquors, section 227.

## OPINION OF THE COURT

PARKER J. The plaintiffs, appellees here brought an action to restrain the defendants, appellants here, from enforcing the provisions of Ordinance No. 85, of the town of Gallup, increasing the license, theretofore paid by wholesale liquor dealers, from $600 to $3,000. The plaintiffs alleged that the defendants under said ordinance were attempting to levy a tax upon the liquor business, and to raise revenue for the general purposes of said town of Gallup, and that said ordinance was in effect a prohibition against the conducting of the wholesale liquor business in said town, because it was oppressive, unreasonable, unjust, and confiscatory. The defendants, after their demurrer was overruled, answered the complaint, which answer was in effect a general denial. The court, over the objections of the defendants, allowed proof to be introduced by the plaintiff as to the reasonableness of the charge laid upon the wholesome liquor business, and as to whether the same was prohibitory. The court found upon the proofs taken before a referee that the charge of $3,000 per annum was unjust, excessive, oppressive, and prohibitory of such business, and was therefore illegal and void. The defendants were thereupon permanently enjoined from enforcing said ordinance, and they appealed from the judgment.

Counsel for appellant relies upon practically a single proposition, and that is that the court erred in permitting the plaintiff to introduce testimony in the

cause touching a matter within the legislative discretion vested in the municipality. The grant of power to municipalities in this jurisdiction is contained in chapter 28, Laws 1915, which provides that municipalities shall—

"have the right to license, regulate, or prohibit the sale or giving away of any intoxicating, malt, vinous, mixed of fermented liquors, within the limits of the city or town, the license not to extend beyond the municipal year in which it shall be granted, and to determine the amount to be paid for such license."

It will be observed that this grant of power is as broad as could be expressed in language, and gives unqualified control to the municipalities over the liquor traffic. The power is as broad as is possessed by the Legislature itself.

A confusion has appeared in some of the cases by reason of a failure to distinguish between the ordinary, useful, and honorable occupations, and those which are not so considered. In regard to the former, while they may be licensed and taxed for the support of the government under which they exist, they may not be taxed to such an extent as to prohibit their exercise. On the other hand, a business which is a constant menace to the public welfare may be licensed and taxed without any constitutional restraint. The liquor business is in the latter class. In such a case, the license fee or tax is not a tax in the constitutional sense, but is a charge for the privilege of conducting a business which is known to be detrimental to the public welfare, but which is nevertheless tolerated upon such terms and conditions as may be described. The tax may be laid as a police regulation and for the purpose of raising revenue, or both. In fact, in most instances both the police regulation and the raising of reveinue enter into the fixing of the charge. Whether the charge exacted for the privilege of doing business operates to restrain the business, partially or completely, is a matter of no concern in determining whether the regulation is valid. And in this state, where the power is so broad as to include both regu-

lation and prohibitioin, it becomes immaterial whether the charge laid is so large as to amount to a prohibition or not.

The foregoing considerations receive support from the text-writers and cases. Thus in Phillips v. City of Mobile, 208 U. S. 472, 28 Sup. Ct. 370, 52 L. Ed. 578, it is said:

"The sale of liquors is confessedly a subject of police regulation. Such sale may be absolutely prohibited, or the business may be controlled and regulated by the imposition of license taxes, by which those only who obtain licenses are permitted to engage in it. Taxation is frequently the very best and most practical means of regulating this kind of business."

In People v. Murray, 149 N. Y. 367, 44 N. E. 146, 32 L. R. A. 344, it is said:

"The imposition is made in such cases generally for a double purpose, to discourage the business and to secure indemnity in part to the public from the losses and burdens which the business is likely to entail. The so-called excise tax is for the protection of the community and not for the protection of the person from whom it is exacted. * * * There can be no doubt that a large revenue will result from excise taxes imposed by the act of 1896, nor that this was contemplated by the Legislature. But this will be a consequence of the system, and was not the motive of its adoption. It was manifestly not the intention of the Legislature to encourage the traffic, but to control, restrict and regulate it. * * *"

In Dennehy v. City of Chicago, 120 Ill. 627, 12 N. E. 227, it is said:

"The amount charged for the license is not a tax, but a burden imposed as the price of a privilege, which those controlling the municipality were at liberty to restrict as they pleased, or to deny altogether. * * * There can therefore be no question of adequacy or excessiveness of the amount charged. * * * As was said in Schwuchow v. City of Chicago, 68 Ill. 449: 'This business is, in principal, within the police power of the state, and restrictions which may rightfully be imposed upon it might be obnoxious as an illegal restraint of trade when applied to other pursuits.' "

See, also, Schmidt v. Indianapolis, 168 Ind. 631, 80 N. E. 632, 120 Am. St. Rep. 385, 14 L. R. A. (N. S 787; State v. Bixman, 162 Mo. 1, 62 S. W. 828; Tenny

v. Lenz, 16 Wis. 566; U. S. Dist. So. v. Chicago, 112 Ill. 17, 1 N. E. 166. See, also,. Woollen & Thornton on Intoxicating Liquors, §276; 3 McQuillin on Municipal Corp. §§ 992-1026; 23 Cyc. 149; Joyce on Intox. Liquors, §42.

Counsel for appellees rely in support of the judgment, upon Paul v. City of Washington, 134 N. C. 363, 47 S. E. 793, 65 L. R. A. 902. In this case the city of Washington, N. C., had power to—

"regulate, control, tax, license, or prevent the establishment of junk and pawnshops, their keepers or brokers, and the sale of spirituous, vinous or malt liquors."

It was urged upon the court that as the aldermen were given the power to prevent the sale of intoxicating liquors, ordinances regulating and restricting the traffic were to be upheld whether reasonable or unreasonable, and were not reviewable by the court. The court took the view that the city had the right to prohibit entirely the sale of liquors, but having licensed it, the city could not indirectly prohibit by an unreasonable exaction of a license tax. This case is not in accord with the current and weight of authority.

These considerations were before this court in Schwartz v. Town of Gallup, 22 N. M., 521, 165 Pac. 345, in which case we considered this same ordinance of the town of Gallup as applied to retail liquor dealers. In that case we sustained the ordinance as unquestionably within the power of the municipality.

A distinction is sought to be drawn by counsel for appellees in this case between the retail liquor dealer and the wholesale liquor dealer, and it is argued that there is a valid reason for such distinction. It is said that the wholesale liquor house requires no more police surveillance than does any other wholesale business, as none of the liquor is to be drunk on the premises. No authority is cited by counsel for any such distinction, and we are unable to find any basis for the same. It may be true that not so much vice or crime results upon the premises of the wholesale liquor dealer as upon the premises of the retail dealer. But in the town

or city where the wholesaler distributes his wares to the retailer, the wholesaler indirectly causes the vice and crime which the retailer directly causes. The wholesaler is in the same offensive business that the retailer is, and we know of no reason for drawing any distinction in his bhalf. Every one who touches the business, directly or indirectly, contributes to the vice, crime, and unhappiness which it brings to the people, and should be subject, without discrimination, to such burdens as the legislative department of the state or municipality sees fit to impose. The court therefore was in error in taking proof upon the question of the reasonableness or unreasonableness of the license fee demanded, and was in error in awarding judgment in favor of the plaintiffs.

For the reasons stated, judgment of the court below. will be reversed, and the cause remanded, with directions to dismiss the bill of complaint; and it is so ordered.

HANNA, C. J., and ROBERTS, J., concur.

SYLLABUS OF THE COURT.