**WYLIE et al. v. STATE BOARD OF EQUALIZATION OF CALIFORNIA et al.**

No. 1302–Y.

District Court, S. D. California, Central Division.

Dec. 14, 1937.

J. Hart Dasteel and Abraham Gottfried, both of Los Angeles, Cal., for plaintiffs.

YANKWICH, District Judge.

In the above matter an interlocutory injunction is sought to be heard by a three-judge court, as provided by section 266 of the Judicial Code, as amended, 28 U.S. C.A. § 380. Pending the determination of the application for an interlocutory injunction, a temporary restraining order is asked for.

The bill of complaint is brought, for themselves and others similarly situated, by a citizen of California and a citizen of Rhode Island against the members of the California State Board of Equalization to stay the enforcement of the provisions relating to the licensing of importers found in the California Alcoholic Beverage Control Act, St.1935, c. 330, p. 1123, as interpreted by the board. Under this interpretation, no citizen of the United States, residing in California, may bring into the state of California on his person or in his accompanying baggage, from the republic of Mexico, any alcoholic beverages in the quantity of one wine gallon or less, for his own personal use and consumption, and not for resale, without having first obtained an importer's license as provided in section 49 of the Alcoholic Beverage Control Act, St.1935, p. 1146. To obtain an importer's license, the individual must hold a manufacturer's, rectifier's, or wholesaler's license in accordance with section 6 of the same act, St. 1935, p. 1127.

The attack upon the provision and its interpretation is that it is violative of the Federal Constitution and particularly of sections 8 and 10 of article 1 (the commerce and impost clauses) and section 2 of article 4 (the privilege and immunity clause) of the Federal Constitution.

■ A substantial claim of unconstitutionality must appear before we take jurisdiction under section 266. Ex parte Poresky, 1933, 290 U.S. 30, 31, 54 S.Ct. 3, 4, 78 L.Ed. 152; see, also, Stratton v. St. Louis S. W. Ry, 1930, 282 U.S. 10, 15, 51 S.Ct. 8, 10, 75 L.Ed. 135; Ex parte Buder, 1926, 271 U.S. 461, 467, 46 S.Ct. 557, 559, 70 L.Ed. 1036; Louisville & Nashville R. R. Co. v. Garrett, 1913, 231 U.S. 298, 304, 34 S.Ct. 48, 58 L.Ed. 229. In the absence of such claim, even diversity of citizenship would not confer jurisdiction. Levering & Garrigues Co. v. Morrin, 1933, 289 U.S. 103, 53 S.Ct. 549, 77 L.Ed. 1062.

The foreign citizenship of one of the plaintiffs does not entitle him to possession or transportation within the state of California of liquor imported from Mexico. See License Cases, 1847, 5 How. 504, 12 L.Ed. 256. And the bill of complaint does not disclose the violation of any other right of the nonresident plaintiff. In truth, the assertion of unconstitutionality, in both instances, is alleged to consist of deprivation of the rights, privileges, and immunities as citizens of the United States and the assertion of violation of the commerce and the impost duty clauses of the Federal Constitution. More, the diversity of citizenship, which confers jurisdiction on the District Court (Constitution, art. 3, § 2; Judicial Code, § 24, as amended, 28 U.S. C.A. § 41) *does not exist* here. Only one of the plaintiffs is a noncitizen of California and "District Courts have jurisdiction if *all* the parties on the one side are of citizenship diverse to those on the other side." Salem Trust Company v. Manufacturers' Finance Company, 1924, 264 U.S. 182, 183, 189, 44 S.Ct. 266, 267, 68 L.Ed. 628, 31 A.L.R. 867; see: Dobie on Federal Procedure, 1938, pp. 209, 210. (Italics added.)

■ The power of the states to control the traffic in liquor, under the Twenty-First Amendment, has been but recently declared to be absolute, in a case arising in California. There the Supreme Court held that the power is not limited by the commerce clause of the Constitution, (State Board of Equalization v. Young's Market Company, 1936, 299 U.S. 59, 57 S.Ct. 77, 81 L.Ed. 38), and sustained an almost prohibitive license fee for persons importing beer into the state.

■ In the light of this, the contention that because a citizen may import a certain amount of liquors from the republic of Mexico, free of duty, his constitutional right is violated if, after the liquor is in his possession, he is required to obtain an importer's license in order to retain it, lacks substance. The Twenty-First Amendment prohibits "importation" into a state "in violation of its laws." The right to import liquor, either with or without the payment of import duties, does not confer the right to possess it within the state (see License Cases, 1847, 5 How. 504, 12 L.Ed. 256), any more than the right to transport liquor from state to state confers the privilege of selling it without regulation by a state (Phillips v. Mobile, 1908, 208

U.S. 472, 28 S.Ct. 370, 52 L.Ed. 578),. or under regulations different from those applying to handlers of domestic liquor (State Board of Equalization v. Young's Market Co., supra). Control of the traffic in liquor by the states has always been considered a proper exercise of their police power. See Premier-Pabst Sales Company v. State Board of Equalization, D.C.Cal.1935, 13 F.Supp. 90; Mugler v. Kansas, 1887, 123 U. S. 623, 8 S.Ct. 273, 31 L.Ed. 205. Even before the Twenty-First Amendment, it was held repeatedly that the United States by licensing persons could not confer upon them the right to engage in the sale of liquor in states which prohibited such sale. License Cases, 1847, 5 How. 504, 12 L.Ed. 256; McGuire v. Massachusetts, 1865, 3 Wall. 387, 18 L.Ed. 226; Pervear v. Massachusetts, 1867, 5 Wall. 475, 18 L.Ed. 608; United States v. Lariviere, 1883, 108 U.S. 491, 2 S.Ct. 906, 27 L.Ed. 803; Phillips v. Mobile, 1908, 208 U.S. 472, 28 S.Ct. 370, 52 L.Ed. 578. The right to sell intoxicating liquor is not one of the rights growing out of citizenship of the United States. Bartemeyer v. Iowa, 1873, 18 Wall. 129, 21 L.Ed. 929; Giozza v. Tiernan, 1893, 148 U.S. 657, 13 S.Ct. 721, 37 L.Ed. 599.

Nor is the right to make it, use it, or have it in one's possession. Mugler v. Kansas, supra, 123 U.S. 623, at pages 660, 661, 8 S.Ct. 273, 31 L.Ed. 205; Eilenbecker v. District Court of Plymouth County, 1890, 134 U.S. 31, 10 S.Ct. 424, 33 L.Ed. 801.

These principles, declared in cases decided before the enactment of the Twenty-First Amendment, were strengthened in their application by the adoption of that amendment. As interpreted by the Supreme Court in State Board of Equalization v. Young's Market Company, supra, that amendment removed one of the restrictions which, at times, impeded full control by the state, namely, interference with interstate commerce.

So that when the state of California, as the bill of complaint alleges, threatens to enforce its law against persons having liquor of Mexican origin, without an importer's license, it is not denying them any of the rights, privileges, or immunities as citizens of the United States. See, Phillips v. Mobile, supra. Nor are they interfering with interstate commerce or with the exclusive control of the federal government over imports. Woodruff v. Parham, 1868, 8 Wall. 123, 19 L.Ed. 382.

The action of the defendants in enforcing the provisions of the act relating to importation against the sporadic importer of liquor for his own use is not violative of any provision of the Constitution of the United States, or of any known constitutional principle.

Under the authority of Ex parte Poresky, supra, I, therefore, hold that the matter does not justify the application of section 266 of the Judicial Code, as amended, 28 U.S.C.A. § 380.

The motion for temporary restraining order and the application for a hearing by three judges of the request for an interlocutory injunction will, therefore, be denied, and the bill of complaint will be dismissed for want of jurisdiction, because it appears on its face that no substantial federal question is involved.

Exception to the plaintiffs.