**UNITED STATES of America, Plaintiff,**

v.

**Eddie Ray KAHN, et al., Defendants.**

**No. 5:03–cv–436–Oc–10GRJ.**

United States District Court,
M.D. Florida,
Ocala Division.

Feb. 3, 2004.

Anne Norris Graham, U.S. Department of Justice, Tax Division, Evan J. Davis, U.S. Dept. of Justice, Tax Division, Washington, DC, for United States of America, plaintiff.

Eddie Ray Kahn, Sorrento, FL, Pro se.

Milton Hargraves Baxley, II, Gainesville, Pro se.

Bryan Malatesta, Bedford, TX, Pro se.

Kathleen Kahn, Sorrento, FL, Pro se.

David Stephen Lokietz, Mount Dora, FL, Pro se.

## ORDER

HODGES, Senior District Judge.

This case is before the Court for consideration of Defendant Eddie R. Kahn's "Notice of Conditional Compliance with Preliminary Injunction Upon Proof of Jurisdiction and Demand for Evidentiary Hearing" (Doc. 35), "Motion Requesting a Ruling on Offer of Proof" (Doc. 38), "Objection to Preliminary Injunction and Motion Requesting a Ruling on Motion to Dismiss for Lack of Jurisdiction" (Doc. 39) and "Motion per Rule 60(b)(4) to Vacate Preliminary Injunction Order for Lack of Jurisdiction, and, Motion Requesting a Ruling on Motion Per Rule 60(b)(4), and, Motion for a Hearing on Motion Per Rule 60(b)(4)" (Doc. 45). Also before the Court is Defendant Kathleen Kahn's "Notice of

Conditional Compliance with Preliminary Injunction upon Proof of Jurisdiction and Demand for Evidentiary Hearing" (Docs.37), Defendant David S. Lokietz's "Objection to Preliminary Injunction and Motion Requesting a Ruling on Motion to Dismiss for Lack of Jurisdiction" (Doc. 40) and Defendant Bryan D. Malatesta's "Motion Requesting a Ruling on Motion to Dismiss for Lack of Jurisdiction" (Doc. 41) and "Motion per Rule 60(b)(4) to Vacate Preliminary Injunction Order for Lack of Jurisdiction, and, Motion Requesting a Ruling on Motion Per Rule 60(b)(4), and, Motion for a Hearing on Motion Per Rule 60(b)(4)" (Doc. 55). Upon due consideration, the Defendants' motions are due to be denied.

## Background

On December 8, 2003, the Government filed its complaint for permanent injunction and simultaneously moved to preliminarily enjoin the Defendants from engaging in activities proscribed by 26 U.S.C. §§ 6700 and 6701. On December 19, 2003, a hearing was held on the application for preliminary injunction, and all parties were fully heard on the matter. The injunctive Order (Doc. 29) was issued December 29, 2003, in which this Court found *inter alia* that the Defendants "organize and sell, or participate in the organization and sale of, several 'abusive tax schemes,' including counterfeit checks and bonds, UCC-financing statements and related documents, corporations sole, and an IMF/BMF decoding package." The Court further found that the Defendants "interfere with the administration of the internal revenue laws through their abusive tax schemes and through frivolous and harassing letters directed to the IRS and to third parties, false and frivolous complaints to the [TIGTA], assisting customers in hiding assets from the IRS in corporations sole, advising customers to obstruct IRS examinations and collections, and advising customers not to file federal tax returns or pay federal taxes."

After concluding that injunctive relief was warranted, the Court issued the following injunctive Order:

The Court ORDERS and DECREES pursuant to 26 USC § 7408 that each of the Defendants, their agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise are hereby preliminarily enjoined, directly or indirectly from:

1. Preparing or assisting in the preparation of correspondence to the IRS on behalf of any other person or entity;

2. Preparing or assisting in the preparation of UCC forms purporting to give the customer a security interest in his or herself, own name, own birth certificate, or own property;

3. Selling or organizing any business arrangement, including corporations sole, that encourages noncompliance with the income tax laws, misrepresents the tax savings realized by using the arrangement, or conceals the receipt of income; or selling any purported draft check, bond or other similar instrument to be used by the purchaser to pay federal taxes;

4. Preparing or assisting in the preparation of complaints to the TIGTA;

5. Preparing or assisting in the preparation of FOIA and Privacy Act requests on behalf of any other person or entity;

6. Representing any other person or entity before the IRS;

7. Preparing or assisting in the preparation of documents purporting to "decode" IRS files;

8. Falsely advising anyone that they are not require to file federal tax returns or pay federal taxes; and

9. Engaging in other similar conduct that substantially interferes with the administration and enforcement of the internal revenue laws.

The Court further ORDERS pursuant to I.R.C. § 7402(a) that Defendants produce to the United States any records in their possession or to which they have access identifying by name, Social Security numbers, and address the members of ARL/GLGM and the persons who have purchased Defendants' abusive tax shelters, plans, arrangements or programs. The individual Defendants must each file a sworn certificate of compliance stating that he or she has complied with this portion of the Order, within twenty (20) days of the date of this Order.

The Court further ORDERS pursuant to 26 U.S.C. § 7402(a) that Defendants jointly and/or individually, and their representatives, agents, servants, employees, attorneys and those persons in active concert or participation with them, prominently and conspicuously display on the first page of any internet website maintained by them a complete copy of this preliminary injunction. The individual Defendants must each file a sworn certificate of compliance stating that he or she has complied with this portion of the Order, within twenty (20) days of the date of this Order.

■ At the hearing, the Defendants argued that this Court lacks jurisdiction to issue such an injunction because the Government has not produced a "notice of acceptance" evidencing the federal government's acceptance of jurisdiction over the land on which the prohibited conduct occurred. According to the Defendants, a notice of acceptance in compliance with 40 U.S.C. § 3112, formerly § 255, is required before the federal government may enforce the tax laws. The Court has already rejected this argument twice during the course of this litigation. First, the Court expressly held in the injunctive order that jurisdiction exists under 28 U.S.C. §§ 1340 and 1345. Second, although the Defendants did not have the benefit of it prior to filing their motions, the Court's Order (Doc. 36) dated January 20, 2004, also rejected this argument, albeit without elaboration. The motions currently before the Court are the latest manifestation of the same inane argument. Although this argument warrants little consideration,[1] the Court will indulge the Defendants' fancy and elaborate as to why this Court has jurisdiction.

## Discussion

■ The Defendants' argument suffers from a failure to recognize the fundamental differences between situations where the federal government acts as the exclusive sovereign over particular lands, exercising all the powers of a state or municipality, and situations where the government acts nationally, exercising those powers delegated to it by each of the several states and enumerated in the Constitution. Obviously the United States is a union of the several states.[2] In forming the Union, the several states delegated to the federal government powers enumerated in the Constitution, reserving the residual pow-

---

1. *United States v. Ward,* 833 F.2d 1538, 1539 (11th Cir.1987); *In re Becraft,* 885 F.2d 547, 549 n. 2 (9th Cir.1989); *United States v. Collins,* 920 F.2d 619, 629 (10th Cir.1990).

2. *Downes v. Bidwell,* 182 U.S. 244, 277, 21 S.Ct. 770, 45 L.Ed. 1088 (1901) (The United States consists of "the *states* whose people *united* to form the Constitution, and such as have since been admitted to the Union upon an equality with them.").

ers as their sovereign dominion.[3] As James Madison described this relationship:

> The powers delegated by the proposed Constitution to the federal government are few and defined. Those which are to remain in the State Governments are numerous and indefinite.[4]

When the federal government exercises its enumerated powers, it does so with supreme authority.[5] However, the government has no power beyond what has been granted to it through the Constitution.[6]

One of the powers enumerated in the Constitution is Congress' power to lay and collect a nationwide tax on income from whatever source derived.[7] Pursuant to this power, Congress enacted the Internal Revenue Code and established the Internal Revenue Service to carry out its provisions. The tax code specifically authorizes the United States to commence civil proceedings in the district courts against individual violators.[8] Several statutes[9] confer on the district courts the corresponding jurisdiction to hear such cases.[10]

 Naturally, Congress cannot convey to the federal courts more jurisdiction than is permitted by the Constitution.[11] There-

---

3. U.S. CONST. amend. X; *Coyle v. Smith,* 221 U.S. 559, 567, 31 S.Ct. 688, 55 L.Ed. 853 (1911) ("'This Union' was and is a union of states, equal in power, dignity, and authority, each competent to exert that residuum of sovereignty not delegated to the United States by the Constitution itself.").

4. *United States v. Lopez,* 514 U.S. 549, 552, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995) (quoting THE FEDERALIST No. 45, at pp. 292–93 (James Madison) (Clinton Rossiter ed., 1961)).

5. Article VI, clause 2 of the United States Constitution provides:
 This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; ... shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

6. *In re Pacific Ry. Comm'n,* 32 F. 241, 254 (C.C.Cal.1887) ("The government established by that instrument is one of delegated powers, supreme in its prescribed sphere, but without authority beyond it.").

7. Article I, section 8, clauses 1 and 18 of the United States Constitution provide:
 The Congress shall have Power To lay and collect Taxes ...;
 To make all Laws which shall be necessary and proper for carrying into Execution the foregoing Powers, and all other Powers vested by this Constitution in the Government of the United States, or in any Department or Officer thereof.
 The Sixteenth Amendment provides:

The Congress shall have power to lay and collect taxes on incomes, from whatever source derived, without apportionment among the several States, and without regard to any census or enumeration.

8. 26 U.S.C. §§ 7402 and 7408(a).

9. 28 U.S.C. § 1331:
 The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.
 28 U.S.C. § 1340:
 The district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue, or revenue from imports or tonnage except matters within the jurisdiction of the Court of International Trade.
 28 U.S.C. § 1345:
 Except as provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress.

10. *Sheldon v. Sill,* 49 U.S. (8 How.) 441, 449, 12 L.Ed. 1147 (1850) ("[H]aving a right to prescribe, Congress may withhold from any court of its creation jurisdiction of any of the enumerated controversies. Courts created by statute can have no jurisdiction but such as the statute confers.").

11. *Marbury v. Madison,* 5 U.S. (1 Cranch) 137, 2 L.Ed. 60 (1803).

fore, if the judicial power of the United States as defined by the Constitution does not extend to suits by the government for violations of the tax code, then Congress could not convey such jurisdiction by statute. However, there is no danger of Congress overstepping its power in this regard, as Article III expressly defines the judicial power as extending to cases arising under the laws of the United States and to cases in which the federal government is a party.[12] Therefore, the Constitution expressly contemplates the precise situation in this case. Not only does this case arise under the Internal Revenue Code, a law of the United States, but it was also brought by the government of the United States. Thus, pursuant to 28 U.S.C. §§ 1331, 1340 and 1345, and as permitted by Article III of the United States Constitution, this Court has jurisdiction.

The Defendants' confused belief to the contrary stems from a misguided reading of Article I, section 8, clause 17[13] and 40 U.S.C. § 3112, previously § 255. These provisions are not concerned with the federal government's exercise of enumerated powers. Instead, they deal with the government's exercise of some or all of the residual powers (those "numerous and indefinite" powers left to the states) over specifically identifiable pieces of land in which the government has a proprietary as well as a governmental interest. Where the federal government exercises the exclusive jurisdiction[14] contemplated in Article I, section 8, clause 17, the enumerated powers and the residuum powers are merged, leaving the federal government as the sole sovereign of that piece of land.[15] For example, in the District of Columbia, "[n]ot only may statutes of Congress of otherwise nationwide application be applied ..., but Congress may also exercise all the police and regulatory powers which a state legislature or municipal government would have in legislating for state or local purposes."[16] So, in areas of exclusive federal jurisdiction, the federal government may not only exercise its delegated powers but may also exercise all the powers of a state or local government.

However, the federal government need not accept[17] and the state need not cede[18] exclusive jurisdiction each time the federal

---

12. Article III of the United States Constitution states:

The judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish. The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties ...; to Controversies to which the United States shall be a Party....

13. Article I, section 8, clause 17 provides that Congress shall have the power:

To exercise exclusive Legislation in all Cases whatsoever, over such District (not exceeding ten Miles square) as may, by Cession of particular States, and the Acceptance of Congress, become the Seat of the Government of the United States, and to exercise like Authority over all Places purchased by the Consent of the Legislature of the State in which the Same shall be, for the Erection of Forts, Magazines, Arsenals, dock-Yards, and other needful Buildings....

14. *Surplus Trading Co. v. Cook*, 281 U.S. 647, 652, 50 S.Ct. 455, 74 L.Ed. 1091 (1930) (exclusive legislation is synonymous with exclusive jurisdiction).

15. *Pacific Coast Dairy v. Dept. of Agric. of Cal.*, 318 U.S. 285, 294, 63 S.Ct. 628, 87 L.Ed. 761 (1943) ("As respects such federal territory Congress has the combined powers of a general and a state government.").

16. *Palmore v. United States*, 411 U.S. 389, 397, 93 S.Ct. 1670, 36 L.Ed.2d 342 (1973).

17. *Silas Mason Co. v. Tax Com'n of Wash.*, 302 U.S. 186, 207–08, 58 S.Ct. 233, 82 L.Ed. 187 (1937) ("[W]e know of no constitutional principle which compels acceptance by the United States of an exclusive jurisdiction contrary to its own conception of its interests.").

18. *James v. Dravo Contracting Co.*, 302 U.S. 134, 148, 58 S.Ct. 208, 82 L.Ed. 155 (1937)

government acquires an interest in land.[19] Instead, the extent of federal jurisdiction may be qualified or prescribed by agreement between the federal and state government.[20] Accordingly, Congress enacted 40 U.S.C. § 3112(b), previously § 255,[21] to create "a definite method of acceptance of jurisdiction so that all persons could know whether the government had obtained 'no jurisdiction at all, or partial jurisdiction, or exclusive jurisdiction.' "[22] According to this statute, in order for the federal government to exercise some or all of the residual powers (i.e., traditional state "police powers"[23]) it must file a "notice of

acceptance" with the proper state authorities evidencing the state's consent or cession of jurisdiction and the federal government's acceptance of such jurisdiction. Thus, the statute affects only the manner in which the federal government acquires some or all of the residual powers normally exercised by the state with respect to a particular piece of land. It does not, as the Defendants contend, affect the federal government's ability to exercise the enumerated powers constitutionally delegated to it by each of the several states with respect to any land anywhere within these states, that is to say the United States.[24]

---

("There appears to be no reason why the United States should be compelled to accept exclusive jurisdiction or the state be compelled to grant it in giving its consent to purchases.").

19. *United States v. Gliatta,* 580 F.2d 156, 158 n. 6 (5th Cir.1978) ("In order to acquire land within a state by purchase or by condemnation, the federal government does not need the consent of the state. Absent the state's consent, however, the United States does not obtain exclusive or concurrent jurisdiction. Instead it is simply an ordinary proprietor. But even in this circumstance, the United States may secure jurisdiction over the purchased or condemned land through a 'cession of legislative authority and political jurisdiction' from the state, and the cession may be either complete or qualified.") (citations omitted).

20. *Collins v. Yosemite Park & Curry Co.,* 304 U.S. 518, 529, 58 S.Ct. 1009, 82 L.Ed. 1502 (1938); *Dravo Contracting Co.,* 302 U.S. 134, 58 S.Ct. 208; *Silas Mason Co.,* 302 U.S. 186, 58 S.Ct. 233; *Surplus Trading Co.,* 281 U.S. 647, 50 S.Ct. 455.

21. 40 U.S.C. § 3112(b) reads:
When the head of a department, agency, or independent establishment of the Government, or other authorized officer of the department, agency, or independent establishment, considers it desirable, that individual may accept or secure, from the State in which land or an interest in land that is under the immediate jurisdiction, custody, or control of the individual is situated, consent to or cession of, any jurisdiction over

the land or interest not previously obtained. The individual shall indicate acceptance of jurisdiction on behalf of the Government by filing a notice of acceptance with the Governor of the State or in another manner prescribed by the laws of the State where the land is situated.

22. *Adams v. United States,* 319 U.S. 312, 314, 63 S.Ct. 1122, 87 L.Ed. 1421 (1943).

23. *Medtronic, Inc. v. Lohr,* 518 U.S. 470, 475, 116 S.Ct. 2240, 135 L.Ed.2d 700 (1996) (traditional state police powers include the broad power to legislate for the protection of "the lives, limbs, health, comfort, and quiet of all persons.").

24. *See Hamilton v. Ky. Distilleries & Warehouse Co.,* 251 U.S. 146, 156, 40 S.Ct. 106, 64 L.Ed. 194 (1919) ("That the United States lacks the police power, and that this was reserved to the states by the Tenth Amendment, is true. But it is none the less true that when the United States exerts any of the powers conferred upon it by the Constitution, no valid objection can be based upon the fact that such exercise may be attended by the same incidents which attend the exercise by a state of its police power, or that it may tend to accomplish a similar purpose."); *United States v. Carnes,* 113 F.Supp.2d 1145, 1150 (E.D.Mich.2000) ("[U]nder the Constitution, the federal government may regulate conduct occurring anywhere in the fifty states ... so long as it sufficiently implicates one of the national government's enumerated powers.... Thus, it does not matter that Defen-

As discussed above, the power to enforce the Internal Revenue Code is not one of the residual powers left solely to the state, but an enumerated power of the federal government. As such, the federal government does not need to acquire, through purchase or condemnation of land, the traditional state "police powers"[25] in order to enforce its provisions.[26] Therefore, the Government is not required to obtain a "notice of acceptance" with respect to the land on which the prohibited activity occurred for jurisdiction over this matter to inure to this Court. The exercise of jurisdiction is proper, and this Court will not entertain further argument to the contrary. The injunctive Order (Doc. 29) has been in full effect since December 29, 2003 and will be vigorously enforced.

## Conclusion

Accordingly, upon due consideration, the Defendants' motions (Docs. 35, 37, 38, 39, 40, 41, 45 & 55) are DENIED.

IT IS SO ORDERED.

---

dant's conduct occurred in the State of Michigan, rather than some zone of exclusively federal 'territorial' jurisdiction....").

25. *Phillips v. City of Mobile*, 208 U.S. 472, 479, 28 S.Ct. 370, 52 L.Ed. 578 (1908) ("The police powers of a state form a portion of that immense mass of legislation which embraces everything within a territory of a state not surrendered to the general government....").

26. Accordingly, the Defendants' reliance on *Adams v. United States*, 319 U.S. 312, 63 S.Ct. 1122, 87 L.Ed. 1421 (1943) is misplaced. In *Adams*, the Supreme Court held that a federal district court could not entertain the criminal prosecution and sentencing of three soldiers convicted of raping a civilian woman on the premises of Camp Claiborne, Louisiana, a military camp. The Court reasoned that concurrent jurisdiction could be acquired only by the formal acceptance prescribed by the act. Since the government had not accepted jurisdiction, the federal court was without jurisdiction to enforce federal police powers. In the case at bar, the Government is not seeking to enforce the police power, but provisions of the income tax code.