PACIFIC FRUIT & PRODUCE CO. v. MARTIN, Governor of State of Washington, et al.

No. 569.

District Court, W. D. Washington, S. D.

Feb. 28, 1936.

Patterson & Patterson, of Seattle, Wash., for plaintiff.

George W. Hamilton, Atty. Gen., State of Washington, and L. C. Brodbeck, Asst. Atty. Gen., State of Washington, for defendants.

Before HANEY, Circuit Judge, and CUSHMAN and BOWEN, District Judges.

CUSHMAN, District Judge (after stating the facts as above).

The foregoing statement does not include trial amendments of the bill of complaint filed after the hearing, for the reason that, because of the conclusion reached, added statement is unnecessary.

The motion of the defendants to strike certain of the allegations of the bill of complaint will be denied.

The motion to dismiss, in so far as it is stated in paragraphs I and II of the motion, will be denied without discussion.

The statutes of which particular complaint is made, section 2 of chapter 158, p. 499 of the Session Laws of 1935 (Rem.Rev. Stat.Wash. § 7306—23) and section 3 of chapter 174, p. 610, of the Session Laws of 1935 (Rem.Rev.Stat.Wash. § 7306—27), if construed and applied as described in the bill of complaint, in conjunction, violate the commerce clause, article 1, § 8, cl. 3 of the Constitution of the United States, unless the Twenty-First Amendment repealed the commerce clause, in so far as interstate commerce in intoxicating liquor is concerned. This it did not do. Young's Market Co. v. State Board of Equalization (D.C.) 12 F.Supp. 140; Joseph Triner Corporation v. Arundel (D.C.) 11 F.Supp. 145.

While it may be conceded that the intent of the Wilson Act, 26 Stat. 313 (27 U.S.C.A. § 121), the Webb-Kenyon Act, 37 Stat. 699, 49 Stat. 877 (27 U.S.C.A.

§ 122), the Act of March 22, 1933, 48 Stat. 19, § 6, referred to in defendants' brief as the "Collier Act," repealed and in part re-enacted, 49 Stat. 877, § 202, subdivision (a), and subdivision (b), 27 U.S.C.A. § 122, and the Twenty-First Amendment, was to take from intoxicating liquor the protection of the interstate commerce laws in so far as necessary to deny them an advantage over the intoxicating liquors produced in the state into which they were brought, yet, none of them show an intent or purpose to so abdicate control over interstate commerce as to permit discrimination against the intoxicating liquor brought into one state from another.

It has been contended, upon behalf of defendants, that section 2 of chapter 158, supra, of which complaint is made, does not so discriminate. With this contention we are unable to agree. This enactment, in the case of intoxicating liquor made and purchased without the state, denies to the owner the right to use it as he could use it if made within the state. If made within the state, both the owner and the state could reach the manufacturer and compel observance of its law or obtain relief for its violation, but neither the owner nor the state has such power over the outside manufacturer who in no way is within the state.

Defendants, in their brief, state: "Plaintiff is the exclusive sales agency of the Pabst products in the state of Washington." If such be the fact it is in no way made to appear, either by the bill of complaint or by any showing made upon the motions now considered.

It follows that section 2 of chapter 158, supra, is void, not only because it violates the commerce clause, article 1, § 8, cl. 3, but also the Fourteenth Amendment, in that its enforcement, as proposed, would take from the plaintiff its property without due process of law, and also in that it denies plaintiff the equal protection of the law. Young's Market Co. v. State Board of Equalization (D.C.) 12 F.Supp. 140.

If the decision of the District Court for the Eastern District of Pennsylvania in Premier-Pabst Sales Corporation v. Grosscup, et al. (D.C.) 12 F.Supp. 970, is opposed to any of the conclusions which we have reached we feel constrained, both upon reason and the persuasiveness of the authorities herein cited, to so hold without qualification.

If interstate commerce is to be taxed, in addition to that necessary to defray the expense of inspection, the power to do so is that of the federal government and not that of the state.

The orderly and secure regulation of the manufacture and sale of property in each of the states by such states and of the regulation and fostering of commerce between them require that neither trammel nor encroach upon that authority which belongs to the other. The authority of neither is to be extended by construction of constitution or statute beyond what is clearly implied from the recognized authority of each. This enactment attempts to reach beyond the state's actual authority and take something from that of the nation, a sister state and the individual.

The determination reached obviates the necessity of any discussion concerning the validity of the statute under the State Constitution. It also obviates the necessity of considering the validity of section 3 of chapter 174, supra, disassociated from section 2 of chapter 158, supra.

An interlocutory injunction will issue.

The motion to dismiss will be denied.

Any order based upon the foregoing rulings will be tentatively settled before the local judge upon notice.

The clerk is directed to notify the attorneys for the parties of the filing of this decision.