JONES v. STATE.

4124                                          129 S. W. 2d 249

Opinion delivered May 22, 1939.

*W. A. Jackson,* for appellant.

*Jack Holt,* Attorney General, and *Jno. P. Streepey,* Assistant Attorney General, for appellee.

MEHAFFY, J. The appellant, on November 3, 1938, while en route from Cairo, Illinois, to Tipton, Oklahoma, transporting 50 cases of taxpaid liquor, was arrested in Randolph county, Arkansas, and his cargo of whiskey taken away from him by the Revenue Commissioner, and appellant was lodged in jail. The prosecuting attorney filed information before a justice of the peace in Randolph county, charging the appellant with unlawfully transporting into the State of Arkansas from without the state, 50 cases of whiskey without having obtained a permit from the Commissioner of Revenues of the state of Arkansas, as provided for in § 14177 of Pope's Digest.

Upon a trial in the justice of the peace court, appellant was convicted, fined $500, and recommitted to jail. An appeal was prosecuted to the circuit court of Randolph county, and at the January term of the circuit court was tried before the court by agreement of parties upon an agreed statement of facts. He was convicted in circuit court, and his punishment fixed at a fine of $500.

The appellant asked that the liquor, in possession of one of the revenue officers, be released to him, and the state asked for an order of the court to destroy the liquor seized. Both motions were overruled by the court and the court made the following statement: "In this proceeding, as the record stands before the Court, the Court doubts about having any authority to order a disposition of the liquor in view of the status of the record."

The court, therefore, did not pass on the question of confiscating the liquor. The facts in the case are undisputed. The appellant was transporting, whiskey upon which the tax had been paid, from Cairo, Illinois, to Tipton, Oklahoma, through the State of Arkansas without having obtained a permit from the Commissioner of Revenues of the State of Arkansas, as provided for by § 14177 of Pope's Digest.

This section makes it unlawful for any person to ship or transport, or caused to be shipped or transported, into the state of Arkansas, any distilled spirits from

points without the state, without first having obtained a permit from the Commissioner of Revenues. The penalty for a violation of this act is a fine of not less than $500, nor more than $1,000.

It is agreed that appellant transported the whiskey as alleged by the prosecuting attorney, and also admitted that he did not have any permit from the Commissioner of Revenues, as required by the above section.

The whiskey had been purchased from a wholesale liquor dealer in Cairo, Illinois, by a Mr. Rollins in Tipton, Oklahoma, and paid for by Mr. Rollins. The appellant went to Cairo for the whiskey and was transporting it as stated.

After the court had found appellant guilty and fixed his punishment at a fine of $500, appellant filed motion for a new trial. In the motion for new trial, among other things, it was stated that the judgment is in violation of the law and constitution and that it was in violation of the law and provisions of the Constitution of the United States.

Appellant says that it is admitted that he was stopped by the officers while en route through the state on an inter-state trip with his whiskey from Cairo, Illinois, to Tipton, Oklahoma, and that the court therefore erred in finding him guilty, and in refusing to discharge to him his cargo of whiskey, because Congress has exclusive power to regulate commerce between the states.

It is true, as contended for by appellant, that the Constitution of the United States provides that Congress shall have power to regulate commerce with foreign nations and among the several states, and with the Indian tribes.

Appellant cites not only the Constitution of the United States, but numerous authorities to sustain his statement that Congress has exclusive power to regulate commerce between the states. About this, however, there is no dispute.

He then calls attention to the case of *Dunn* v. *United States*, 98 Fed. 2d 119, 117 A. L. R. 1302. In that case the court said:

"The effect of § 2 of the Twenty-first Amendment U. S. C. A. Amend. 21, § 2, was to qualify the Commerce Clause, U. S. C. A. Const. art. 1, § 8, cl. 3 so as to permit a state to prohibit or condition the importation or transportation of intoxicating liquor thereinto.

"Referring to § 2 of the Twenty-First Amendment, U. S. C. A. Const. Amend. 21, § 2, the Supreme Court in the *State Board of Equalization of California* v. *Young's Market Co.,* 299 U. S. 59, 57 S. Ct. 77, 81 L. Ed. 38, said: " 'The words used are apt to confer upon the state the power to forbid all importations which do not comply with the conditions which it prescribes.'

"In *Sancho* v. *Corona Brewing Corp.,* 89 Fed. 2d 479, the court said: " 'The Twenty-First Amendment simply withdraws the exclusive control of Congress, under the commerce clause (art. 1, § 8, cl. 3), over commerce in intoxicating liquors, when their importation is in violation of the laws of a state, territory, or possession of the United States.' "

Appellant contends that the court in the case last cited held that the transportation of whiskey from Arkansas to Oklahoma was not in violation of the Liquor Enforcement Act of 1936, 27 USCA, § 221, *et seq.,* that act was passed by Congress and the prosecution in the Dunn Case was under the Federal statute. It was held in that case: "The intention of Congress manifest by the language of § 223 (a), *supra,* when read in the light of the committee report is clear. It is to make it a federal offense to import or transport liquor into a dry state only when that state, by its laws, prohibits all importation or transportation of intoxicating liquor thereinto, or provides for and requires a permit or license to accompany intoxicating liquor that may be lawfully imported or transported thereinto."

The reason given by the Court of Appeals for reversing the conviction of the lower court in that case was that § 2 of the Twenty-First Amendment, which prohibited the transportation or importation in violation of the laws thereof, was not self-executing, and, therefore, the defendant in that case was not guilty of violating the federal law. The lower court, however, in that case held

that a state may prohibit or condition the importation or transportation of intoxicating liquor into a dry state.

The Supreme Court of Tennessee held that a state can forbid and punish the transportation of liquor across the state line into another state only in case the proposed use was contrary to law. The Tennessee court reversed the case holding that courts cannot judicially know the statutes of another state. The case was remanded and the court stated that if it should develop on a subsequent trial that the sale of intoxicating liquor in Mississippi was illegal, the defendant was not protected by the Commerce clause of the Federal Constitution while passing through Tennessee with such liquors, but was subject to the Tennessee laws against the transportation of liquor within the boundaries of Tennessee. *Haumschilt* v. *State,* 142 Tenn. 520, 221 S. W. 196.

There seems to have been no proof in that case that Mississippi was a dry state, and the Tennessee court did not take judicial notice of the laws of other states.

The law of this state, however, requires the courts to take judicial knowledge of the laws of other states. Section 5119 of Pope's Digest reads as follows: "The courts of this state shall take judicial knowledge of the laws of other states."

This court takes judicial notice of the fact that Oklahoma is a dry state, and it is not necessary to state in an indictment or information matters of which the court takes judicial notice. Section 3847, Pope's Digest.

It would serve no useful purpose to review all the authorities on the question of the right of the state to prohibit or condition the transportation of intoxicating liquors throughout the state.

We think the case of *Dunn* v. *United States, supra,* and the Tennessee case above cited, settle this question. Arkansas had not undertaken to prohibit the transportation, but conditions it. That is, liquor may not be transported without a permit, as provided by law. Under the facts in this case there can be no question but that the appellant violated the law as stated in § 14177 of Pope's Digest, and that his conviction was proper.

However, any person charged with crime, whether guilty or innocent, should be tried and, if guilty, punished according to law. The justice of the peace in the instant case confisated the liquor belonging to appellant. This he had no right to do. There is no law authorizing a confiscation of liquor for a violation of the above section. There is a section of law that provides for the confiscation of liquor when it is in possession of one without the tax having been paid, but the agreed statement of facts in this case shows that the tax on the liquor being transported had been paid. The state, therefore, had no right to confiscate the property.

The circuit court, however, declined to pass on this question; that is, on the question whether the circuit court had any right to make an order as to the disposition of the liquor. The appellant, however, if the liquor is not delivered to him, may recover it by appropriate action.

The judgment of the circuit court is affirmed.