KNALL BEVERAGE COMPANY, INC.
v TAYLOR et

GOEBEL BREWING COMPANY v
TAYLOR et

LONGO et v TAYLOR et

Ohio Appeals, 2nd Dist, Franklin Co

Nos 3375, 3376 & 3377.
Decided July 14, 1941

Ballard & Dresbach, Columbus; Race, Haass, Allen & Brewer, for Knall Beverage Inc., and Goebel Brewing Co., plaintiff-appellees.

Isadore Topper, Columbus; Vincent R. Smith, Greensburg, Pa., for John Longo, et, plaintiff-appellee.

Thomas J. Herbert, Attorney General, Columbus; David M. Spriggs, Asst. Atty. General, Columbus, for defendants-appellants.

### OPINION

By GEIGER, PJ.

These three cases all involving the same question, but each having a slightly different background upon which their cause of action is stated, are being considered together, but one case will be used in stating the issues.

The petition in each case is rather lengthy. We will use the case of Knall Beverage Company v Taylor, etc., et, as the master case.

The petition recites the official position of the several defendants in the Department of Liquor Control of the State of Ohio.

Plaintiff alleges that it is lawfully engaged in the distribution and sale of beer within the State of Ohio under proper permits issued by the Department of Liquor Control; that it has authority to import beer from The Goebel Brewing Company of Detroit; that it has been purchasing and distributing beer, from that company in seven ounce glass bottles; that a seven ounce glass bottle is a container which conforms to standards established in regular trade usage by the brewing industry and not prohibited by federal administration; that approximately 97% of the sales by the plaintiff for home consumption have been in seven ounce glass bottles known as "Goebel Bantum Bottles"; that if sale of beer in seven ounce bottles is prohibited all of plaintiff's customers will cease to do business with plaintiff and plaintiff's business will be lost and destroyed; that approximately $10,000.00 has been invested by him in the business.

Plaintiff says that by appropriate statutes the state of Ohio has established certain regulations governing the conduct of traffic in beer and other malt beverages in the state and as provided by §6064-3; that the Board of Liquor Control shall have certain powers, among them to make rules and regulations determining the nature, form and capacity of all packages and bottles to be used for containing beer to be sold under the Ohio act; that in pursuance of the pretended authority attempted to be conferred by the statute upon the Board of Liquor Control said Board has adopted rules and regulations and filed the same in the office of the Secretary of State, among them regulation No. 5, to the effect that "containers of beer or intoxicating liquor shall conform to standards established in regular trade usage by the industry which are not prohibited by the federal or Ohio regulation or laws; providing, however, that no beer or malt beverage manufactured in the United States of America, other than ale, may be sold in the state of Ohio in packages other than the following sizes:

12 fluid ounces,
24 fluid ounces,
32 fluid ounces,
64 fluid ounces,
128 fluid ounces.

Plaintiff further says the Legislature has not established any rule or standard which would empower the Board to make any law, rule or regulation determining the size of bottles or containers in which beer or malt beverages may or may not be sold in the state of Ohio.

It is further asserted that any such law or rule as that established by regulation No. 5 does set standards and does establish policies which are legislative and that the exercise of the pretended authority under which the defendant Board claims to and has in fact adopted regulation No. 5 as amended, is unconstitutional and void as an improper delegation of legislative authority to said Board by the Legislature of the State of Ohio;

That the defendants have threatened to enforce regulation No. 5 and revoke all consents heretofore given plaintiff to import beer from the Goebel Brewing Company, and to refuse any further or new consent to import the beer and malt beverages except in containers of the size prescribed by regulation No. 5;

That in consequence of such authority distributors in Ohio are refusing to purchase from plaintiff its beer in said seven ounce bottles, by reason whereof the lawful business in Ohio, built up by plaintiff through the expenditure of money, will be greatly curtailed and reduced to its irreparable damage.

By reason of regulation No. 5 as amended and the threatened enforcement thereof by the defendant there will be an unlawful interference with and denial of liberty to contract, to the deprivation of its property secured to it by the various sections of the Constitutions of the United States and of the State of Ohio.

It is asserted that regulation No. 5 is arbitrary, capricious, oppressive, unreasonable and repugnant to the fun-

damental rights and invalid as a regulatory rule and without any real or substantial relation to the peace of the inhabitants of the state.

It is asserted that the use of the seven ounce bottles in the marketing of beer is not contrary to public policy, and that regulation No. 5 will be enforced by the defendants unless restrained by the order of the court, resulting in depriving the plaintiff of its property, etc., that said regulation No. 5 is an excessive and unauthorized exercise of police power and that its operation would in no way promote the good order of the community.

Plaintiff further says that if §6040-3 shall be by this court interposed to give the Board control to adopt regulation No. 5, that said statute so interpreted would be unconstitutional and void as violative of the various sections of the federal and state constitutions.

Plaintiff sets up certain other sections and claims that the enforcement of the regulation as provided by regulation 5 will result in certain other deprivations of its rights; that plaintiff has no adequate remedy at law.

He prays that the court decree that §6064-3 in so far as it purports or attempts to empower the defendant, the Board of Liquor Control to determine and fix the capacity and size of packages to be used for containing beer to be sold in the state of Ohio, to be void and an unconstitutional delegation of legislative power; that the court find and decree that regulation No. 5 as amended be void for five specific reasons.

It is further asked that the court find and decree said seven ounce Goebel Bantum Bottle to be a container of beer which conforms to the standard established in the regular trade; that said defendants be enjoined from doing all the acts which plaintiff claims would be subversive to its inherent and constitutional right to sell beer in the state of Ohio in whatever form of package it may choose, irrespective of the regulatory laws passed by the Department of Liquor Control.

To this petition a demurrer was filed by the Attorney General, Thomas J. Herbert, and his assistants, attorneys for the defendant. On this demurrer the court made an order under date of April 1st, 1941, to the effect "that the demurrer is not well taken and should be overruled, with leave to defendants to plead within rule."

On April 18th a judgment was entered, reciting the fact that the court had theretofore overruled the demurrer and upon defendants failing to plead further within rule the court finds that the petition of plaintiff states facts sufficient to constitute a cause of action in favor of plaintiff and against the defendant, and that final judgment should be entered in favor of the plaintiff, against the defendant, and it is ordered that the demurrer be overruled, and that the defendants, being in default, final judgment is hereby rendered in favor of the plaintiff and against the defendant, and that defendants are enjoined from enforcing amended regulation No. 5 adopted by the Board of Liquor Control November 14, 1940.

The opinion of the court is embodied in ten lines of manuscript and is not therefore particularly enlightening.

We take from case No. 3377 certain allegations which do not appear in the Knall Brewing Company case as possibly throwing light upon the questions involved.

It is alleged that the beer sold in seven ounce containers results in the state of Ohio, receiving $3.78 per barrel more in taxes than when beer is bottled and sold in twelve ounce containers.

Appellees in the last mentioned case also allege that the defendant members constituting the Board of Liquor Control on or about November 14, 1940, acting primarily at the request of the Ohio Buckeye Brewers Association, an organization consisting of brewers manufacturing beer in Ohio, did amend and adopt under the pretended authority of Paragraph 1 (e) of §6064, the amended regulation No. 5, which regulation does not further or advance the

purpose of the liquor control act; that the sale of malt beverages in seven ounce containers is not contrary to public policy and does not have any tendency to promote intemperance.

The other allegations of this last mentioned petition are much the same as those we have already set out, and need not be repeated.

Counsel for appellees filed separate briefs for their several clients upon which we will not severally comment, but will endeavor to cover each appellee's claim that Regulation 5 is a violation of constitutional rights. We may note these claims as follows:

That paragraph 1 (e) of §6064-3 empowering the Board to prescribe the size of containers in which beer may be sold is a delegation of legislative power to an administrative board and is violative of **Sec. 1, Art. II of the Constitution of Ohio;** that said subsection in allowing the board to fix sizes for containers confers an unlimited discretion on an administrative board which is to be exercised without the guide of legislative standards; that amended regulation No. 5 is an unlawful exercise of police power since it does not promote or relate to public health, safety or general welfare; that the provisions of Regulation No. 5 are unreasonable and arbitrary and can not be sustained as a measure intending to protect the public; that beer containing not more than 3-2/10 per cent alcohol, being non-intoxicating, is protected by the commerce clause of the Federal Constitution; that regulation No. 5 is arbitrary, unreasonable and discriminatory and not a proper exercise of the police power and invalid even if sub-section 1 (e) of the section is found constitutional. Counsel for the appellees have gone far afield to gather for the court's inspection cases from other jurisdictions than Ohio, and have brought to our attention decisions of the United States Supreme Court, both as to the delegation of legislative authority and the violation of the Interstate Commerce provisions of the Federal Constitution.

We have read these briefs with interest, but will confine ourselves to Ohio authorities to the exclusion of a discussion of those coming from other states.

The Liquor Control Act falls within §6064-1 et seq., which sections are within Title 2 designated "Police Regulations".

Sec. 6064-3, under the caption "Executive and Administrative Powers of Board; Rules and Regulations", provides

"The board of liquor control shall have power:

1. To adopt and promulgate, repeal, rescind, and amend, in the manner herein required, rules, regulations, standards, requirements, and orders necessary to carry out the provisions of this act, including the following:

(e) Rules and regulations determining the nature, form, and capacity of all packages and bottles to be used for containing beer or intoxicating liquor to be kept or sold under this act, whether in state liquor stores or otherwise."

There have been a number of decisions which may throw light upon the question here involved.

**Coady, Appellee v Board of Liquor Control, 132 Oh St 329,** in which the power of the Board under paragraph (f) to pass uniform rules and regulations governing advertising with reference to the sale of beer throughout the state and advertising on the premises, was before the court for examination and the court held that the subsection of paragraph 1 which gives the Board of Liquor Control power to adopt rules governing advertising, confers only administrative powers on the Board of Liquor Control and is not violative of **Sec. 1 or Art. II of the Constitution of the State** as a legislative power.

The court also holds that a regulation which forbids certain display advertising is a valid and reasonable regulation and within the power to make rules as to advertising. While

this case has reference to paragraph (f) in reference to advertising in this state it is appropriate to the present case.

The Court makes reference to **Matz v Cartage Company, 132 Oh St 271**, in which rules were laid down with reference to the delegation of legislative power. We shall specially comment upon this case later. Williams, J., delivering the opinion in the Coady case, states that from an examination of many authorities it is apparent that according to the great weight of authority, the Legislature may confer upon administrative boards power to adopt subordinate rules, administrative in character, where the Legislature, in conferring the authority, has fixed definite standards and rules of guidance.

"But the rule relaxes somewhat as to the necessity for such limitations and restrictions, where wide power is imperative in law enforcement; and many authorities have held that standards or criteria for guidance are not necessary in cases in which the discretion to be exercised by administrative officers relates to police regulations in the protection of the public morals, etc."

Williams, J., states on page 333 that,

"The liquor control act undertakes to create a system of control of the manufacture and importation and traffic in beer and intoxicating liquors and a state monopoly of the distribution and sale of spirituous liquor in order to prevent the evil arising from such traffic. To accomplish this end wide power was given to the Board of Liquor Control. * * * There may be a question whether a rule of guidance is necessary in conferring power on the Board of Liquor Control to make regulations relating exclusively to the conduct of the liquor business by the permittee under a liquor permit. Nevertheless the standards or criteria set up by this statutory provision are all-sufficient when due weight is given to the object sought to be accomplished with reference to a traffic, which the state may not only regulate but entirely prohibit in the exercise of police power."

This case holds that paragraph (f) of §6064-3 is not violative of any of the provisions of either the state or federal constitutions and is not the unlawful delegation of legislative power. The distinction is sought to be made by the appellees that in the Coady case it is disclosed that the Legislature has charted the regulations to be imposed by the Board and that it is apparent that its enforcement is for the general welfare, whereas it is urged that under paragraph (e) the Legislature has not prescribed any limits imposed upon the Board and that amended Regulation 5 of the regulations of the Board is not on its face a provision serving the general welfare.

In the case of **Distributing Company v Tax Commission of Ohio, 132 Oh St 308**, it is held that the Liquor Control Act is a measure designed to regulate and control the liquor traffic and to effectuate that purpose rules may be promulgated. The case had direct reference to §6064-67, considered as a retaliatory measure against taxes laid upon Ohio Products in adjoining state. It is held that the provisions of the section and the regulations of the Tax Commission adopted pursuant thereto do not constitute a delegation of legislative power. The opinion in the case was written by Mathias, J. He states on page 314 that the Ohio liquor control act is a measure designed to regulate traffic in beer and other intoxicating beverages. In order to show that the statute is not subversive of the Interstate Commerce provision of the Federal Constitution he cites the case of Board v Young's Market Company et 299 U. S. 59, quoting the opinion of Justice Brandeis. This Young's Market case effectively disposes of the claim that there is a violation of any of the provisions of the Federal Constitution. The Federal Constitution in reference to intoxicating liquor is to the effect,

"The transportation or importation into any state, territory, or possession of the United States for delivery or use therein of intoxicating liquors, in violation of the laws thereof, is hereby prohibited."

Justice Brandeis in the Young Market case observes,

"Surely the state may adopt a lesser degree of regulation than total prohibition."

We think this effectually disposes of the claim that there is any violation of the Federal prohibition. If the State of Ohio chooses to pass an act which might go so far as to totally prohibit the importation of foreign manufactured goods into the state of Ohio, the same would not be violative of the Federal Commerce provision. What the state has attempted to do in this case is to provide that beer may be brought within the state only when the containers comply with state's regulation of their content.

Counsel for appellees advance the claim that beer of an alcoholic content of less than 3.2 per cent is not intoxicating and therefore if its importation is prohibited or restricted by a limitation of the size of the container that the Federal Constitution is violated. The simple answer to this is that none of the cases now before us involve beer of a content of less than 3.2 per cent. When there is a case before us involving importation of beer, which as claimed by counsel, may not be intoxicating because of its lower alcoholic content, it will be time to consider this question.

Judge Mathias considers the question of the delegation of legislative powers and states that undoubtedly there are inconsistencies difficult of reconciliation in the decisions involving this question, and cites **Railroad Co. v Commrs. of Clinton County, 1 Oh St 77,** wherein it is said:

"The true distinction, therefore, is between the delegation of power to make the law, which necessarily involves a discretion as to what it shall be, and conferring an authority or discretion as to its execution to be exercised under and in pursuance of the law. The first can not be done; to the latter no valid objection can be made."

In **Matz, Appellee v Curtis Cartage Co., 132 Oh St 271,** the 1st syllabus is:

"The general assembly can not delegate legislative powers to an administrative board, and any enactment which in terms does so is unconstitutional and void; but laws may be passed which confer on such a board administrative powers only."

This case related to the delegation to the Public Utility Commission of power to make regulations controlling the safety of traffic upon the highway, said regulation being restricted to vehicles operating under the authority of the Commission. Williams, J. delivering the opinion of the court, observes on page 278 that certain fundamental conceptions as to legislative power investing discretion in public officials should be emphasized.

"It has been generally held that a legislative body in conferring such powers should lay down definite rules of guidance in restricting or limiting the exercise of such official action; but an exception to this rule is recognized in certain cases where the establishment of such criteria would be impossible or impracticable or would result in rendering enforcement of a police regulation nugatory or ineffective."

The Judge states on page 282, "in recent years administrative boards have multiplied by leaps and bounds until today (1937) there are in Ohio 28 or more state boards or bodies to which the Legislature has granted the power to make rules and regulations."

"An examination of the empowering statutes reveals that many of these

boards could not function effectively without the rule making prerogative."

The Judge cites at length Ohio decisions touching the power of the Legislature to grant to administrative boards the authority to make rules and regulations.

We deem these citations sufficient to attract the attention of counsel to what we conclude in reference to the case at bar. It has already been held in the Coady case that the section itself is constitutional, and that the power given to the liquor board to make uniform rules governing advertising is not an illegal delegation of authority. However, as above stated counsel for appellees seek to distinguish the facts in this case from those in the cases at bar, giving to the Commission the right to makes rules determining the capacity of all packages containing intoxicating liquors, and further, that regulation 5 is arbitrary and discriminatory. We do not find that the right granted to the Board to control the prescribed capacity of packages is a delegation of legislative authority or that regulation 5 wherein the Board exercises the power is unreasonable or discriminatory. We must realize that the Liquor Control Board is given power to manage and control a great industry involving many persons manufacturing and trafficking in intoxicating liquors and in selling the same at retail. It is impossible for the Legislature to prescribe definite rules controlling every detail of this traffic and discretion must be given to the Board. The legislature has conferred upon it the power to adopt and promulgate, to repeal, rescind and amend rules "including the following". The use of the phrase "including the following" indicates that the legislative intent was to grant to the Board powers beyond those specifically designated in that section, which are numerous. Counsel have advanced with great earnestness the view that the rights of their clients will be destroyed arbitrarily, that the provisions of both the State and Federal Constitutions have been violated, and paint a rather drab picture of what will happen if their clients are not permitted to sell beer in seven ounce bottles. On the other hand what might happen if there were no regulation of the size of the container by the board. Every manufacturer, both within and without the state, might vend his goods in packages of various sizes, each seeking to invite public patronage by placing his goods in the most attractive container, by virtue of a demand by patrons for certain dosage meeting their peculiar whims. This would lead to endless confusion and an opportunity for every manufacturer or importer to deceive the consumer by some special container.

Certainly the board has a right to adopt some regulation as to sizes of containers the same as it has a right to adopt regulations as to those who are engaged in retailing liquor, and no just criticism can be conceived if the Board does not happen to endorse the particular bottle used by these consignees. They have adopted a size of bottle which is reasonably serviceable to the consumer.

The Board has power to repeal regulation 5 if it proves to be unsatisfactory to the consuming public. We may be reasonably sure that if the public makes known a distinct preference for a seven ounce bottle, that the board will change the rule.

The Board has certain discretion which must be conceded to it in conducting and regulating the business under regulation that may seem for the best interest of all concerned. It has every facility for investigation and examination of the desirability of any rule that it may make, and until it abuses its discretion this court has no right to say that the rule adopted is subject to the criticism that the appellees have here directed against it. If everything the appellees say is true or even partially so, we believe an effective appeal can be made to the Board to change the rule. If the Board does not see fit to change the rule but still adhere to regulation No. 5, that is

the business of the board and not the business of the court.

The Court below should have sustained the demurrer interposed by the state.

Judgment reversed. Cause remanded.

BARNES & HORNBECK, JJ., concur.