**CHICAGO'S LAST DEPARTMENT STORE, a corporation, Plaintiff,**

v.

**INDIANA ALCOHOLIC BEVERAGE COMMISSION et al., Defendants.**

Civ. No. 2306.

United States District Court
N. D. Indiana,
Hammond Division.

April 1, 1958.

Sachs, Ruman & Tanasijevich, Hammond, Ind., for plaintiff.

Edwin K. Steers, Atty. Gen. of Indiana, and Richard M. Givan and John E. Hirschman, Assts. to the Atty. Gen., for State of Indiana, Indiana Alcoholic Beverage Commission, and others.

Before DUFFY, Circuit Judge, and SWYGERT and GRANT, District Judges.

GRANT, District Judge.

Plaintiff alleges that this action arises under the Constitution of the United States and under the Civil Rights Act of the United States. 42 U.S.C.A. § 1971 et seq. Plaintiff seeks an injunction directed toward the above named defendants and prays that a statute enacted by the State of Indiana in 1935 be declared unconstitutional and void. The statute in question reads as follows:

"No alcoholic beverage shall be imported or transported into the state of Indiana unless such beverage is at the time of the importation or transportation thereof into the state of Indiana the absolute property of a permittee who is authorized under this act to import and/or transport the same into the state of Indiana, but this shall not apply to shipment from another state in continuous transit through the state of Indiana into another state, unless such shipment be intended to evade this act, and for delivery within this state, provided nothing in this act shall prohibit the bringing into the state of Indiana by a person other than a permittee hereunder lawfully entitled so to do, if such person be a traveler in the ordinary course of travel, of not to exceed one (1) quart of alcoholic, spiritous or vinous beverages: Provided, That the same is not intended for sale to any other person." (Acts 1935 Ch. 226, Sec. 41, Cl. a, p. 1056; 1937 Ch. 197, Sec. 11, p. 931; 1939 Ch. 30, Sec. 6, p. 79, Burns' Ann.St. § 12–901.)

The violation of this statute constitutes a misdemeanor. 1956 Replacement, Burns, Sec. 12–922, p. 985.

The plaintiff is a corporation organized under the laws of Illinois. The defendants are all citizens of Indiana.

Plaintiff is engaged in the retail department and liquor store business. The business operation is located in the City of Chicago, Illinois, approximately one (1) block from the Indiana-Illinois State

line on U. S. Highway 12, 20 and 41, also known as Indianapolis Boulevard. Plaintiff alleges that over the last quarter century it has built up a clientele composed of citizens from the States of Illinois and Indiana and many other States.

Plaintiff alleges that the Alcoholic Beverage Commission of Indiana, acting under the authority conferred by the cited statute, has, through its agents, directed and placed an agent, one Floyd Saxton, on or near the premises of the plaintiff in the State of Illinois; that this said agent would transcribe the license plate numbers of certain patrons of the plaintiff—namely, the automobiles bearing Indiana license plates—and would then convey this information, by radio, to Indiana Police Patrol cars stationed just across the State line in Indiana. Plaintiff further alleges that as the persons driving the automobiles bearing the reported license numbers entered the State of Indiana the Indiana State Police would make an arrest of said persons for transporting alcoholic beverages into the State of Indiana (in excess of one quart) without a permit, and/or would stop said automobile under the pretext of making an arrest for some traffic violation in order to search the contents of the automobile.

Plaintiff alleges that it has lost business and business opportunities as the direct result of this activity, as former customers and would-be customers are intimidated and frightened away from patronizing plaintiff's outlet.

In 1933 the Twenty-first Amendment to the Constitution became effective. Section 2 of that Amendment reads as follows:

"Sec. 2. The transportation or importation into any State, Territory or possession of the United States for delivery or use therein of intoxicating liquors, in violation of the laws thereof, is hereby prohibited."

Shortly after the adoption of this Amendment, the Supreme Court of the United States held that State legislatures may enact legislation which discriminates against imported intoxicants in favor of those of domestic origin and that such favoritism does not offend either the Commerce Clause of Article I nor the Equal Protection and Due Process Clauses of the Fourteenth Amendment. State Board of Equalization v. Young's Market Co., 299 U.S. 59, 57 S.Ct. 77, 81 L.Ed. 38.

A Kentucky statute prohibited the transportation of intoxicating liquors by carriers without first having been licensed under the Kentucky Alcoholic Beverage Control Law. This statute was enforced as to an Indiana corporation engaged in carrying liquor from Kentucky distillers to consignees in Illinois. The Indiana corporation was licensed only as a contract carrier under the Federal Motor Carriers Act, 49 U.S.C.A. § 301 et seq. Ziffrin, Inc., v. Reeves, 308 U.S. 132, 60 S.Ct. 163, 167, 84 L.Ed. 128. The Supreme Court, in upholding the constitutionality of this statute said:

"The Twenty-first Amendment sanctions the right of a state to legislate concerning intoxicating liquors brought from without, unfettered by the Commerce Clause. Without doubt a state may absolutely prohibit the manufacture of intoxicants, their transportation, sale or possession, irrespective of when or where produced or obtained, or the use to which they are to be put. Further, she may adopt measures reasonably appropriate to effectuate these inhibitions and exercise full police authority in respect of them." Ziffrin, Inc., v. Reeves, supra.

"Property rights in intoxicants depend on state laws and cease if the liquor becomes contraband." Ziffrin, Inc., v. Reeves, supra.

The Supreme Court has passed upon the question of statutes attempting to

regulate the transport, through the State, of liquor cargoes originating and ending outside the boundaries of the regulating State and has held that such provisions do not contravene the Commerce Clause of the Federal Constitution. Duckworth v. Arkansas, 314 U.S. 390, 62 S.Ct. 311, 86 L.Ed. 294; Carter v. Virginia, 321 U.S. 131, 64 S.Ct. 464, 88 L.Ed. 605.

■ In the case presently before this Court the factual pattern is even stronger in defending the constitutionality of this Indiana statute, as this statute is concerned with the importation or transportation into the State of Indiana and not merely through the State of Indiana. If the State has the prerogative and right to narrow and control traffic of alcoholic and spiritous beverages which are in the flow of commerce passing through the State, then the State must assuredly have the power to regulate the importation and transportation of alcoholic beverages into the State. The lesser power is included within the greater power. Seaboard Air Line Ry. v. North Carolina, 245 U.S. 298, 38 S.Ct. 96, 62 L.Ed. 299.

Plaintiff has not presented a case wherein this Indiana enactment is in conflict with Federal law, and, as Mr. Justice Black has written:

"I am not sure that state statutes regulating intoxicating liquor should ever be invalidated by this Court under the Commerce Clause except where they conflict with valid federal statutes." Carter v. Virginia, supra (concurring opinion) [321 U.S. 131, 64 S.Ct. 469].

■ The Twenty-first Amendment has "abrogated the right to import free, so far as concerns intoxicating liquors." State Board of Equalization v. Young's Market Co., supra [299 U.S. 59, 57 S. Ct. 78].

■ Discriminatory regulations as to imported spiritous beverages do not violate the Due Process clause. Indianapolis Brewing Co. v. Liquor Control Commission, 305 U.S. 391, 59 S.Ct. 254, 83 L.Ed. 243.

■ The State Legislature of Indiana is to determine the legislative policy of that sovereign State and it has the duty and power to determine what matters are related to the public health, safety, morals and general welfare of the people of Indiana and what matters are deleterious to the same in exercising the police power of the State. Courts may be called upon to decide when the Legislature has stepped beyond the boundaries of this prerogative and has enacted laws which bear no substantial relation to the health, safety, morals and welfare of the State but the courts are not to dictate as to what this policy should be. Constitution of the United States, Amendment Ten.

■ The State of Indiana cannot project its sovereignty beyond the physical boundaries or barriers of the State of Indiana. If the allegations contained in the complaint before us are taken as true, then these named defendants are not acting as officers of Indiana but are acting in a private capacity while within the jurisdictional limits of the State of Illinois. As plaintiff contends, at such times while within Illinois, this person or these persons are mere trespassers; the State of Illinois provides adequate remedies for the wrongs complained of herein. The plaintiffs have adequate legal and equitable redress afforded by the laws of Illinois. United Protective Workers of America v. Ford Motor Co., 7 Cir., 194 F.2d 997.

Plaintiff alleges that there has been a violation of the Civil Rights Act. The purpose of the Civil Rights Act, as enacted, is to enforce the Fourteenth Amendment to the Constitution. The Fourteenth Amendment is directed toward State action. Shelley v. Kraemer, 334 U.S. 1, 68 S.Ct. 836, 92 L.Ed. 1161. Individual action is not protected against by the provisions of the Civil Rights Act. Williams v. Yellow Cab Co., 3 Cir., 200 F.2d 302. The named defendants in the

case at hand were acting in an individual capacity and not as officers of Indiana while acting in the State of Illinois.

Plaintiff alleges that the arrests made by the Indiana State Police officers of such of plaintiff's Indiana customers who had made purchases in plaintiff's outlet and then re-entered the State of Indiana are illegal. Plaintiff contends that the police would use various pretexts in stopping the automobiles bearing the designated Indiana license numbers solely for the purpose of making an illegal search of the vehicle to discover any contraband liquor which the occupant of the automobile might have in his or her possession. This action, plaintiff alleges, violates Articles 1 and 4 and also the Fourteenth Amendment to the Constitution.

The prohibitions against illegal searches and seizures outlined in the Fourth Amendment are directed toward actions of Federal agents and have never been held to restrict State power. The right of the individual citizen to be secure from illegal searches and seizures at the hands of officers of the State has never been construed to be a right protected by the Fourth Amendment. Bell v. Hood, 9 Cir., 150 F.2d 96, reversed on other grounds 1946, 327 U.S. 678, 66 S. Ct. 773, 90 L.Ed. 939. Furthermore, it is difficult to see how plaintiff has any standing to urge the constitutional question. The guaranteed right is personal in nature. Plaintiff is not being arrested, nor are its possessions being searched or seized so as to give plaintiff standing to espouse this point.

This Court is of the opinion that this is a valid and reasonable statute under the police power of the State of Indiana and under the Twenty-first Amendment to the Constitution of the United States. This statute does not contravene the provisions of the Commerce, Due Process or Equal Protection clauses of the Constitution.

The motion to dismiss of the defendants is hereby granted.