19289

HEUBLEIN, INC., Respondent, v. SOUTH CAROLINA TAX COMMISSION, Appellant

(183 S. E. (2d) 710)

18

*Messrs. Daniel R. McLeod, Atty. Gen., Joe L. Allen, Jr., and G. Lewis Argoe, Jr., Asst. Attys. Gen.* of Columbia, *for Appellant,* cite:

*Messrs. Carlisle Roberts* and *W. Croft Jennings, Jr.,* of *Roberts, Jennings & Thomas,* Columbia, *for Respondent,* cite:

September 22, 1971.

LEWIS, Justice:

The question to be decided is whether respondent, Heublein, Inc., a Connecticut corporation, is liable to the State of South Carolina for income and license taxes assessed on the basis of Heublein's sales of alcoholic beverages in the State for the years 1964-68. The taxes were assessed by the appellant, South Carolina Tax Commission, paid under protest, and this action brought by Heublein to recover the taxes so paid. The lower court, in accord with Heublein's contention, held that Heublein was exempt from the payment of income and license taxes to South Carolina by virtue of the provisions of an Act of Congress, referred to as Public Law 86-272, the pertinent portion found in 15 U. S. C. A. Section 381.

Heublein's claim of exemption from taxation in South Carolina is based solely on the provisions of the foregoing Federal statute. Under its pertinent provisions, Congress enacted that no State shall have power to impose a net income tax on income derived within the State from interstate commerce, if the only business activity within the State was solicitation of orders for sales of tangible personal

property, which orders are sent outside the State for approval or rejection, and, if approved, are filled by shipment or delivery from a point outside the State.

Under the powers reserved to the State by the Twenty-first Amendment, South Carolina has adopted its Alcoholic Beverage Control Act which prescribes the conditions under which alcoholic liquors may be imported into the State. Sections 4-131 to 4-150, 1962 Code of Laws. This statute requires that a producer of alcoholic beverages, before shipping liquor into South Carolina, must be registered with the State and that such producer appoint a "producer-representative" who shall be a resident of the State. It is further provided that shipment of alcoholic liquors into the State must be made to the "registered representative" of the producer who must accept delivery of the liquors within the geographical limits of South Carolina. Thereafter, the producer, through his representative, is authorized to make delivery of the alcoholic liquors from within South Carolina to a licensed wholesaler in the State. The "producer-representative" then certifies as to such delivery to the appellant Tax Commission.

All shipments of liquors into South Carolina for sale must be made to the shipper's own representative within the State. Delivery is then made intrastate to the purchaser and such sale can be made in no other way. These statutory provisions preclude the sale of alcoholic liquors in South Carolina through interstate sales. Such constitutes a valid exercise of the State's powers under the Twenty-first Amendment. *State v. Kilgore,* 233 S. C. 6, 103 S. E. (2d) 321, citing *Ziffrin Inc. v. Reeves,* 308 U. S. 132, 60 S. Ct. 163, 84 L. Ed. 128; *State Board of Equalization of California v. Young's Market Co.,* 299 U. S. 59, 57 S. Ct. 77, 81 L. Ed. 38.

Public Law 86-272 is applicable when delivery is made from a point outside the State and is inapplicable to sales and delivery consummated within the State.

It is conceded that the sales here involved were made in accordance with the State statutory requirements. They were, therefore, intrastate transactions and beyond the reach of Public Law 86-272.

The taxes here in question were properly assessed against Heublein. The judgment of the lower court is accordingly reversed and the cause remanded for entry of judgment in favor of the appellant, South Carolina Tax Commission.

Moss, C. J., and BUSSEY, BRAILSFORD, and LITTLEJOHN, JJ., concur.