Gabrielli, J.
(dissenting). I am impelled to dissent, for the holding of the majority is based upon what I perceive to be a misstatement of the law as enunciated by the United States Supreme Court in Doran v Salem Inn (422 US 922) and California v La Rue (409 US 109).
At issue on this appeal is the power of a State to prohibit topless dancing in an establishment which sells liquor for on-premises consumption. The majority finds this prohibition to be unconstitutional, apparently premising this conclusion upon the belief that the State bears the burden of justifying the rationality of its ban upon topless dancing in drinking establishments, because topless dancing is entitled to some First Amendment protections. The most recent pronouncements of the Supreme Court upon this subject, however, are expressly to the contrary (see California v La Rue, supra, at pp 118-119; Doran v Salem Inn, supra, at pp 932-933).
*532 When a State acts to regulate the sale of liquor within its boundaries, its authority stems not merely from the normal police power of the State, but also directly from the Twenty-first Amendment to the United States Constitution. This grant of power by the Constitution serves to increase that authority which a State normally enjoys and to place a significantly greater burden upon a party seeking to challenge a State regulation of liquor as violative of some other provision of the United States Constitution. This is not to suggest that a State acting under the authority of the Twenty-first Amendment is free to ignore all other parts of the Federal Constitution (see, e.g., Wisconsin v Constantineau, 400 US 433; Craig v Boren, 429 US 190). Rather, the effect of the Twenty-first Amendment is to require those who would challenge a State regulation of liquor on the ground that it is violative of some other constitutional provision or of supreme Federal law, to prove that the particular interplay of provisions and purposes in each case mandates a disregard of the State’s otherwise legitimate powers (compare Hostetter v Idlewild Liq. Corp., 377 US 324, Seagram & Sons v Hostetter, 384 US 35, and State Bd. v Young's Market Co., 299 US 59, with California Liq. Dealers v Midcal Aluminum, 445 US 97).
In the instant case, plaintiffs claim that the ban on topless dancing in establishments which sell liquor for on-premises consumption is violative of the First Amendment. It is, of course, far too late in the day to suggest that dancing, even topless or nude dancing, is entitled to absolutely no First Amendment protections. Indeed, in both California v La Rue (409 US 109, 118, supra) and Doran v Salem Inn (422 US 922, 932, supra) the Supreme Court specifically recognized that such "entertainment” is not bereft of all protection because it does have some communicative aspects. At the same time, however, the court noted, with care, that such "art” forms "involve only the barest minimum of protected expression” (Doran v Salem Inn, supra, at p 932; accord California v La Rue, supra, at pp 117-118).
Because topless barroom dancing has so little communicative content and is accordingly entitled to only a minimum of First Amendment protection, whereas the State has the responsibility and, under the Twenty-first Amendment, the power to regulate the sale and use of liquor, the Supreme Court has declared not only that a statute prohibiting or limiting such dancing must be upheld unless it is clearly *533 irrational, but also that the burden is on the challenger of such a law to overcome a presumption of constitutionality and prove that the law is irrational (California v La Rue, supra, at pp 118-119). Indeed, in Doran v Salem Inn, the court expressly stated that "[i]n La Rue, however, we concluded that the broad powers of the States to regulate the sale of liquor, conferred by the Twenty-first Amendment, outweighed any First Amendment interest in nude dancing and that a State could therefore ban such dancing as a part of its liquor license program” (422 US, supra, at pp 932-933). Moreover, and of great significance, in that same opinion the court intimated that the ban on topless dancing there involved would clearly have been constitutional had it been enacted pursuant to the State’s powers under the Twenty-first Amendment and accordingly limited to establishments selling liquor (Doran v Salem Inn, supra, at p 933).
Applying these principles to the instant case, it is painfully obvious that the challenged statute is indeed valid and constitutional. Clearly, plaintiffs have not met their burden of proving this particular exercise of the State’s power to regulate the sale of liquors to be irrational. Indeed, even the majority of this court appears to have impliedly conceded that plaintiffs have failed to meet this burden since, in order to declare the statute unconstitutional, the majority is forced to place the burden of proving the statute’s reasonableness upon the State, in direct contradiction to the doctrine enunciated in La Rue. Moreover, this statute does contain the very limitations which the Supreme Court indicated would have sufficed to place the ordinance at issue in Doran beyond challenge. Hence I find it impossible to concur in the result reached by a majority of this court today.
In conclusion, I must emphasize that Judges called upon to determine the constitutionality of a challenged statute are required to set aside their personal opinions of what is best and strive "to resolve the issue by constitutional measurement, free of emotion and of predilection” (Roe v Wade, 410 US 113, 116). This is so for the very basic reason that "the accident of our finding certain opinions natural and familiar or novel and even shocking ought not to conclude our judgment upon the question whether statutes embodying them conflict with the Constitution” (Lochner v New York, 198 US 45, 76 [Holmes, J., dissenting]). In his official capacity, a Judge may serve neither as a moralist nor as a libertine, but simply *534 must endeavor to decide each case on the basis of the applicable law. Whatever artistic or communicative value may attach to topless dancing is here overcome by the State’s exercise of its broad powers arising under the Twenty-first Amendment. No reasonable person, moralist or not, could deny that the admixture of alcohol and topless dancing presents a very real possibility of disturbances of the public peace in licensed premises, a problem which may be addressed in advance by the Legislature. The elected representatives of the people of this State have now chosen to avoid such disturbances by means of a reasonable restriction upon establishments which sell liquor for on-premises consumption. Although some may believe this solution to be unwise or unnecessary, there exists no justification for disturbing the legislative judgment in this case.
Accordingly, I dissent and vote to reverse the judgment appealed from and to declare the statute to be constitutional.
Judges Jones, Fuchsberg and Meyer concur with Judge Wachtler; Judge Gabrielli dissents and votes to reverse in a separate opinion in which Chief Judge Cooke and Judge Jasen concur.
Judgment affirmed, with costs.