Jasen, J.
(dissenting). I agree completely with the views expressed in the dissenting opinion of Judge Gabrielli. There is, however, an additional and more fundamental reason that compels me to dissent in this case. In holding that subdivision 6-a of section 106 of the Alcoholic Beverage Control Law is violative of the right to freedom of expression guaranteed by section 8 of article I of our State Constitution, the majority, in my view, misconceives the effect of the Twenty-first Amendment in terms of conferring a right upon this State, independent of the normal police power, to regulate the sale of liquor.
According to the majority, the Twenty-first Amendment has “no application” to our State Constitution. In their view, a State’s right to regulate the sale of alcoholic beverages is derived solely from the police power. Pursuant to this line of reasoning, the majority is able to formulate a rather neat and seemingly logical argument, to wit: because our State Constitution contains no equivalent to the Twenty-first Amendment that counterbalances the right to free expression guaranteed by section 8 of article I, subdivision 6-a of section 106 of the Alcoholic Beverage Control Law is invalid. I cannot agree.
Contrary to the majority’s view, when a State acts to regulate the sale of liquor within its boundaries, its authority stems from both its general police power and directly from the Twenty-first Amendment to the United
*244 States Constitution. Indeed, rather than merely restoring to the States their pre-existing police power over the sale of alcoholic beverages .by repealing the Eighteenth Amendment, the second section of the Twenty-first Amendment expressly reserves to the States a power to regulate traffic in liquor: “The transportation or importation into any State, Territory, or possession of the United States for delivery or use therein of intoxicating liquors, in violation of the laws thereof, is hereby prohibited.” Thus, although the States “require no specific grant of authority in the Federal Constitution to legislate with respect to matters traditionally within the scope of the police power, the broad sweep of the Twenty-first Amendment has. been recognized as conferring something more than the normal state authority over public health, welfare and morals.” (California v La Rue, 409 US 109, 114.) This independent right to regulate the sale of liquor under the Federal Constitution has been interpreted by the Supreme Court as not only creating an exception to the commerce clause (e.g., Seagram & Sons, v Hostetter, 384 US 35, 41-42; Ziffrin, Inc. v Reeves, 308 US 132; State Bd. v Young's Market Co., 299 US 59), but, more recently, as qualifying rights guaranteed by the First Amendment as well — at least insofar as certain forms of nude and partially nude entertainment are concerned. (New York State Liq. Auth. v Bellanca, 452 US 714; California v La Rue, supra.) Perhaps the most persuasive support for the proposition that the Twenty-first Amendment confers upon the States a right to control the sale of alcoholic beverages independent of the normal police power may be found in the contrary remarks of one of the dissenting Justices in this very case. (See New York State Liq. Auth. v Bellanca supra, at pp 718, —, pp 2604-2605 [Stevens, J., dissenting]; cf. Craig v Boren, 429 US 190, 204-208; Wisconsin v Constantineau, 400 US 433; see, generally, Note, Effect of the Twenty-first Amendment on State Authority to Control Intoxicating Liquors, 75 Col L Rev 1578.)
Lest there be any further doubt on the subject, this court, on a prior occasion, has made clear that, notwithstanding a restoration of the normal police power, “the Twenty-first *245 Amendment spells out an additional specific and federally protected right of each State to eliminate as well as regulate the liquor traffic within its borders.” (Seagram & Sons v Hostetter, 16 NY2d 47, 56, affd 384 US 35, supra [emphasis supplied].) Given the undisputed existence of this State’s right under the Federal Constitution to regulate the sale of liquor, it is difficult to understand the majority’s view, unsupported by the citation of any authority, that the Twenty-first Amendment has “no application” to our State Constitution. This Federally recognized power on the part of the States to control the commercial distribution of alcoholic beverages within their respective boundaries does not exist in a vacuum; nor is it limited to the confines of the Federal Constitution. The power conferred by the Twenty-first Amendment simply does not evaporate once the analysis shifts to a determination of the right to free expression under our State Constitution. Rather, this independent, Federal right to control the traffic in liquor subsists, and, pursuant to the supremacy clause,* must be given full recognition and effect — even when considering the provisions of our own Constitution.
Placed in this perspective, a proper resolution of the issue presented as a result of the Supreme Court’s remand to us requires that the right to freedom of expression guaranteed by section 8 of article I of our State Constitution be weighed against the State’s right to regulate the sale of alcoholic beverages. In this regard, subdivision 6-a of section 106 of the Alcoholic Beverage Control Law must be viewed as an exercise of both the police power and this State’s independent right under the Twenty-first Amendment to control the sale of liquor within its boundaries. However, as I read the majority’s opinion in this case, the right to freedom of expression guaranteed by our State Constitution is coextensive with the First Amendment right to free speech. (At pp 234-235.) If this be so, then, in view of the Supreme Court’s determination in this case that the State’s right to ban the *246 sale of liquor supercedes the protection afforded by the First Amendment, our State constitutional guarantee of freedom of expression must also give way to the Twenty-first Amendment. Therefore, the constitutionality of subdivision 6-a of section 106 of the Alcoholic Beverage Control Law should be sustained.
Of course, this court can recognize a right to freedom of expression under our State Constitution which is broader than the rights conferred under the First Amendment. (Cf. People v Elwell, 50 NY2d 231; Cooper v Morin, 49 NY2d 69; Sharrock v Dell Buick-Cadillac, 45 NY2d 152; People v Isaacson, 44 NY2d 511; People v Hobson, 39 NY2d 479.) In my view, however, this would be most unfortunate. There is no significant difference between the language of the First Amendment and of section 8 of article I of the New York Constitution. Nor is any compelling reason offered to justify such an expansion of the State right to freedom of expression. Finally, such a holding would require that we deviate, for the first time, from the Supreme Court’s interpretation of constitutionally protected rights in this area.
In any event, the majority has declined to recognize any such broader right to freedom of expression under our State Constitution. In fact, the court continues to adhere to the principle that the guarantees of section 8 of article I are coextensive with the rights secured under the First Amendment. Instead, the majority, in the guise of effectuating our State constitutional right to freedom of expression, , has struck down subdivision 6-a of section 106 of the Alcoholic Beverage Control Law simply by ignoring this State’s independent right under the Federal Constitution to regulate the sale of liquor. As noted earlier, I have grave misgivings as to whether such a complete failure to recognize the effect of the Twenty-first Amendment upon our State Constitution accords with the mandate'of the supremacy clause.
Finally, it should be noted that subdivision 6-a of section 106 of the Alcoholic Beverage Control Law is not an across-the-board prohibition on topless dancing. Rather, the statute only bans topless dancing in establishments where liquor *247 is sold for on-premises consumption. This fact, when coupled with a recognition that such forms of entertainment “involve only the barest minimum of protected expression” (Doran v Salem Inn, 422 US 922, 932; accord California v La Rue, supra, at pp 117-118), causes plaintiffs’ claim of unconstitutionality to be placed in serious doubt. In my view, subdivision 6-a of section 106 of the Alcoholic Beverage Control Law is a rational exercise of both the police power and this State’s independent right under the Twenty-first Amendment to regulate the sale of liquor. Although some may question the wisdom behind a statute which prohibits the mixing of alcohol and nude dancing, in the words of the Supreme Court, “the Twenty-first Amendment makes that a policy judgment for the state legislature, not the courts.” (New York State Liq. Auth. v Bellanca, supra, at p —, p 2602.)
For all these reasons, I would reverse the judgment of Supreme Court and uphold the constitutionality of subdivision 6-a of section 106 of the Alcoholic Beverage Control Law.
Judges Wachtler, Fuchsberg and Meyer concur with Judge Jones ; Judge Fuchsberg concurs in a separate opinion; Judge Gabrielli dissents and votes to reverse in an opinion in which Chief Judge Cooke and Judge Jasen concur; Judge Jasen dissents in a separate dissenting opinion.
On reargument, following remand by the United States Supreme Court, judgment affirmed, with costs.

 The supremacy clause (US Const, art VI) provides in relevant part: “This Constitution * * * shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.” (Emphasis supplied.)